PHIL LANIUS ET AL. v. H. B. SHUBER.

No. 6618.

1. **Answer Impeaching Consideration of Note.**—Sureties answered that they signed the note sued on as such upon an express agreement with the agent of the plaintiff making a loan of money to the principal that the money should only be paid to the

principal for the purpose of paying for cattle, and that upon such payment a chattel mortgage upon the cattle would be exacted to secure the payment of the note for the borrowed money, and that such security had not been taken. *Held*, that exceptions to the answer were properly sustained. The alleged matters were at variance with the written contract.

2.  Jury Docket—Continuance.—The principal of a note sued upon pleaded want of consideration. The case on application of the plaintiff had been put upon the jury docket, the jury fee not having been paid. At a subsequent term the case was taken up and tried without a jury, in absence of the defendant, who made application for new trial under oath, stating that his defense was true; he had understood the case was upon the jury docket, and saw the entry of the case there; the judge presiding at end of fourth week of the term had announced that there would be no jury for the fifth week; defendant attended the first of the sixth week, but learned that the case had been tried in his absence. *Held*, his absence was excused, and the motion for new trial should have been granted upon the facts.

APPEAL from Clay. Tried below before Hon. B. F. Williams.
The opinion contains a statement of the case.

*A. K. Swan* and *J. C. Chesnutt*, for appellants. — 1. Representations and inducements as to what will transpire in the future, if they be of a material character and have the effect to induce action, but do not transpire as assured, are as fatal and will afford as good cause of action or ground of defense as if they related to the present or past, and especially so when the person making and offering them has the power peculiarly in himself or themselves to make good the offering. Henderson v. Railway, 17 Texas, 560; Wintz v. Morrison, 17 Texas, 372; Mitchell v. Zimmerman, 4 Texas, 75.

2.  Archibald, acting as Shuber's agent, not only had the authority but it was his duty to procure good and sufficient surety for money loaned for his principal, and his guarantee to said sureties being altogether reasonable and to be performed before the money should leave his hands, as well as offering additional security to his principal and being a condition precedent to the acceptance of the note, was neither beyond the scope nor apparent scope of his authority, nor were his acts or conduct fraudulent toward his principal. Calhoun v. Wright, 23 Texas, 522; Riordan v. Britton, 69 Texas, 198.

3.  Fraudulent representations and conduct in procuring promissory notes in writing contemporaneous with their execution and delivery may be relied upon as implicitly and will afford as perfect a defense as in any other transaction. Rhode v. Alley, 27 Texas, 443; Robertson & McAfee v. Guerin, 50 Texas, 317; Bristow v. Hall, 16 Texas, 566.

4.  The plaintiff having had cause placed on jury docket, will not be permitted to have it removed therefrom at a time and under circumstances that will give him undue advantage of the defendants.

*Hazlewood & Templeton*, for appellee. — 1. The special answers of ap-

pellants Houston and Ray, to which appellee's exceptions were sustained, set up no valid defense to the note sued on, and the court did not err in sustaining the exceptions to said answer. Wooters v. Railway, 54 Texas, 294; Roundtree v. Gilroy, 57 Texas, 176; Bruner v. Strong, 61 Texas, 555; Kerr on Fraud. and Mis., pp. 88–90; Brandt on Sure. and Guar., sec. 351; Wat. on Spec. Per., secs. 139, 312; 3 Wait's Act. and. Def., p. 434; 2 Pome. Eq. Jur., secs. 891, 892, 894.

2.   The statements and representations of G. A. Archibald, as alleged in the special answers of the defendants Houston and Ray, did not pertain to the execution and delivery of the note, but referred to the disposition that Lanius would make of the money at some future time, and said statements and representations did not therefore amount to a condition precedent to the execution and acceptance of the note.

3.   The facts as alleged in the special answers of Houston and Ray, if true, would not make the transaction fraudulent, but would constitute a contemporaneous parol agreement at variance with the written contract, and could not therefore avail them as a defense to the note sued on. Wooters v. Railway, 54 Texas, 294; Roundtree v. Gilroy, 57 Texas, 176; Bruner v. Strong; 61 Texas, 555.

4.   Appellee at the September Term, 1885, demanded a jury, but failing to pay the jury fee the cause was never placed on the jury docket till the March Term of the District Court, 1887, when it was placed on said jury docket without the knowledge or consent of appellee.

HENRY, ASSOCIATE JUSTICE.—This suit was instituted by appellee to recover upon a promissory note.

The defendant Lanius pleaded under oath that the only consideration for the note was an offer made by plaintiff through an agent to lend him the amount of money recited in the note; that the note was signed and delivered to the agent of plaintiff for the purpose of being submitted to plaintiff for his approval before it was delivered, but the money was never furnished and defendant was notified through said agent that the note was not accepted.

Defendant Houston answered that the note was given by Lanius as principal for borrowed money, and that he signed the note as a surety; that he was induced to sign it by false and fraudulent representations made to him by the agent of the lender.

"That the said Phil Lanius was borrowing the money for which the note was given for the purpose of buying cattle therewith. That said money was then in C. W. Israel & Co.'s bank, of which said G. A. Archibald was then cashier, and that the same would not be paid or delivered to the said Lanius for any other purpose than to buy said cattle, and that plaintiff's said agent Archibald would not let said Lanius have said money until he should have bought the cattle to be paid for with same, and that

when said cattle were so bought, and before said money should be paid or delivered to said Lanius or by him taken out of said bank, he, the said Archibald, would require the said Lanius to make and execute to this de-fendant a good and sufficient chattel mortgage on said cattle so bought with said money, and deliver the same to the said Archibald to be by him kept and delivered to the defendant to save him harmless from loss or liability on account of said note.

"That the plaintiff by his agent Archibald agreed with this defendant and promised him, at and before the signing of said note, that he would not deliver to said Lanius said money or permit him to withdraw the same from the said bank until he, the said Lanius, should make and exe-cute said mortgage on said cattle so bought and to be paid for with said money, so that said defendant Houston should be fully indemnified from loss or liability on account of said note.

"Defendant further says that said representations, promises, and agree-ments so made by plaintiff and through his said agent Archibald were false and were fraudulently made for the purpose of defrauding and de-ceiving this defendant, and did deceive this defendant; that he believed said representations and relied upon the said promises and agreements so made by plaintiff's said agent, and was induced thereby to sign said note. That said Lanius never bought cattle with said money, but, upon the con-trary, used the same for other and different purposes, if, indeed, he ever used it all."

The defendant Ray pleaded substantially the same facts. The court sustained exceptions to the answers of defendants Ray and Houston.

The note furnished evidence of a complete and valid contract between the parties. The facts set up in the answers excepted to go to show that the note failed to embody the entire contract between the parties and to add to it other material conditions. The answers, if allowed, would have had the operation of varying and destroying the force of the written con-tract by parol evidence, and the exceptions were properly sustained.

Judgment was rendered for plaintiff.

The defendants moved for a new trial upon substantially the following grounds: That plaintiff at a previous term of the court had demanded a jury, but never paid the jury fee. The cause was not stricken from the nonjury docket but was placed by the clerk upon the jury docket, and at the term when judgment was rendered it was on both dockets. The entry on the jury docket showed that the jury fee had not been paid. In sup-port of the motion the defendant Lanius filed an affidavit stating that he had attended the court "from time to time until the last day of the fourth week of the term, and would not have left then but for the reason that the court announced that there was no jury for the fifth week, and having always believed and been informed by both plaintiff and defend-ant that this cause was a jury case and was upon the jury docket at the

instance and wish of plaintiff, and having been informed by the clerk of the court that the cause was upon the jury docket and finding the same to be true from an inspection of the record, and being thereby confirmed in the belief that it was a jury case, he, under the announcement made by the court, went home; that affiant understood from the court that there would be a jury for the sixth week, and he returned to the court upon the first day of said week for the purpose of being at the trial of the cause, when he first learned that the cause had been tried during the fifth week. Affiant also stated that the matters stated in his motion for a new trial were true;" one of said matters being "that the defendant can prove each and every allegation contained in the said amended answer of Lanius by said Lanius and Ray."

Substantially the same statements are made with regard to the absence of the defendant Ray.

While it is true that an application for a jury within the meaning of the law is not complete until the jury fee has been paid, and the case ought not to be placed on the jury docket until then, we think that under the circumstances of this case there was such evidence of diligence shown by the defendants, and such probability that they had been misled by the action of the plaintiff in connection with the condition of the dockets, that a new trial should have been awarded, so as to furnish defendants an opportunity to make the material testimony which they alleged their readiness and ability to do.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered April 15, 1890.