## T. A. ROBINSON ET AL. v. R. L. COLLIER ET AL.

### Decided January 16, 1909.

**1.—Suit—Failure to Prosecute—Practice.**

When the plaintiff fails to appear and prosecute his suit at the first term after the same was filed, the proper practice would be to dismiss the suit for want of prosecution, rather than to act on and sustain a demurrer filed by the defendant to the petition.

**2.—Same—Cross-Action—Notice.**

It was error for the court to consider and render judgment upon a cross-action filed by defendant on appearance day of the term of the court to which the case was returnable, when neither the plaintiff nor his counsel were present and they had no notice of the filing of such cross-action.

**3.—Pleading—General Demurrer—Rule.**

In passing upon a general demurrer every reasonable intendment arising upon the pleading excepted to should be indulged in favor of its sufficiency.

**4.—Same—Specific Performance of Contract.**

In an action to enforce specific performance of a contract for sale of land, petition considered, and held not subject to general demurrer on the ground that it appeared therefrom that time was of the essence of the contract and that plaintiff had not complied with his part of the contract within the time stipulated therein.

**5.—Option—Contract to Buy—Distinction.**

Time, from the very nature of the contract, is necessarily of the essence of a mere option, and the holder of the option must perform or offer to perform his part of the contract within the limit of time stated therein in order to be entitled to a specific performance of the contract by the other party. Contract considered, and held not to be an option but a contract to sell on the one hand and to buy on the other, and of which time was not of the essence.

**6.—Contract—Time as Essence.**

When the only default of the plaintiff was delay in performance of a contract to buy land and the position of the defendant had not been materially changed thereby, a performance after the stipulated time may entitle the plaintiff to a decree for specific execution since mere lapse of time is not in general a sufficient ground in equity for the refusal of relief. A forfeiture caused by the nonpayment of money, however express may be the language of the contract, will, as a general rule, be relieved from on the theory that interest is a sufficient compensation. But the failure to pay must not be wilful, nor the delay in payment be unreasonably long, and the plaintiff seeking relief from his default must show that it was not intentional and has not caused irreparable injury to the defendant.

Appeal from the District Court of Baylor County. Tried below before Hon. J. M. Morgan.

*Nelson & Pool* and *Glasgow & Kenan,* for appellants.—A plea in reconvention or cross-bill occupies the same attitude as an original independent suit, and judgment can not be rendered thereon against the adverse party to same without notice. Harris v. Schlinke, 65 S. W., 172; Roller v. Reid, 26 S. W., 1060-2.

By the terms of the contract appellees were to show good title in themselves to the lots so sold, and if the lapse of sixty days occurred before complete abstracts of title were presented by appellees, then they will not be permitted to take advantage of their own wrong to declare forfeiture. Tharp v. Lee, 62 S. W., 93.

Appellants presenting a meritorious cause of action in their motion for a new trial, meet the requirements of law, and if this issue of law stands alone, then new trial should have been granted. Trueheart v. Simpson, 24 S. W., 842; Black on Judgments, vol. 1. sec. 348; Suggs v. Thornton, 9 S. W., 145.

If counsel were acting in good faith and were using proper efforts to ascertain the day of trial, and appellants relying upon their counsel to inform them of the day upon which said case would come on for trial and counsel were honestly mistaken, then appellants should not suffer from such mistake, if new trial would not delay appellees in the determination of their rights. Springer v. Gillispie, 56 S. W., 370; Holliday v. Holliday, 72 Texas, 585; Dowell v. Winters, 20 Texas, 797; Cowan v. Williams, 49 Texas, 396-7; Evans v. Terrell, 95 S. W., 684; Mistrot v. Wilson, 41 Texas Civ. App., 160.

*Holman & Dickson* and *Coombes & Coombes,* for appellees.

CONNER, CHIEF JUSTICE.—On the 5th day of October, 1907, appellants T. A. Robinson and E. A. Pool instituted suit in the District Court of Baylor County against appellees R. L. Collier, R. T. Dickson

and John B. Dickson, asking a specific performance of the contract hereinafter set out for the sale of certain lots of land to appellants in the town of Dickens, Dickens County, Texas. The contract declared upon, which was attached as an exhibit to the petition, is as follows:

"This memorandum of agreement this day entered into by and between Robert T. Dickson and John B. Dickson, of Baylor County, Texas, and R. L. Collier, of Dickens County, Texas, parties of the first part, and T. A. Robinson and A. E. Pool, of Howard County, Texas, parties of the second part.

"Witnesseth: That the parties of the first part have this day sold to the parties of the second part, and the parties of the second part agree to purchase the following described town lots in and of the town of Dickens, county of Dickens, Texas, to wit: (here follows a description of some one hundred and thirty-five town lots, not deemed necessary to insert), for which the parties of the first part agree to pay the sum of ten and twenty-five one-hundredth dollars ($10.25) for each of said lots, that an abstract will show a good title in the parties of the first part.

"Parties of the second part having paid this day the sum of $100 to the parties of the first part as evidence of good faith on their part to purchase said lots, which said sum of $100 is to be credited as a part payment of said lots. In case an abstract of title shall show a good title in the said parties of first part in as many as 130 of said lots, then the said party of the second part shall within sixty days from date hereof pay to the said parties of the first part ten and twenty-five one-hundredth dollars ($10.25) for each and every lot that good title shall appear in the parties of first part.

"Should the parties of the second part refuse or fail to pay the balance of purchase money within sixty days from date hereof, the parties of the first part showing good title in as many as 130 lots, then the said $100 shall forfeit to parties of first part as liquidated damages. But in case the parties of the first part shall fail to secure a good and valid title to as many as 130 of said lots, then said $100 is to be returned to the parties of the second part.

"Should it appear from an abstract of title that good title is in the parties of first part in less number of lots than 130, then the said parties of the second part shall at their discretion be permitted to purchase all of said lots that good title may show to be in the parties of the first part at the said agreed price of ten and twenty-five one-hundredth dollars ($10.25) for each lot so purchased. The parties of the first part agree to give to the said parties of second part a general warranty deed for lots purchased by them, such deed or deeds to be executed immediately upon the acceptance of title by the parties of the second part.

"Witness our hands, this 21st day of May, A. D. 1907.

"(Signed)    Robt. T. Dickson,
             John B. Dickson,
             R. L. Collier,
             T. A. Robinson,
             A. E. Pool."

It was alleged: "That plaintiffs have always been and are now ready to perform their part of said contract, and on having a good and sufficient conveyance of said lots of land made to them in accordance with the terms and stipulations of said contract, to pay the residue of the purchase money to said defendants. That the defendants are able to make a good and sufficient title to said lots of land, if they think proper so to do, but refuse and decline to make a good and sufficient title to the same, although the plaintiffs have demanded the same from them and required them so to do, to wit: On the 6th day of August, 1907, immediately after it was ascertained from an abstract of title that defendants had good title to said lots, and at the same time offered to pay them the residue of the said purchase money upon having a proper conveyance of said lots executed by the defendants to the plaintiffs, their heirs and assigns."

The defendants answered by general and special exceptions, by a general denial, and specially that the prompt payment of the purchase price within the sixty days from the date of the contract was a condition precedent which had not been complied with on the plaintiffs' part. The defendants further, by way of cross-action, declared upon the contract as a cloud upon their title which they prayed the court to remove.

On the 4th day of February, 1908, thereafter, without any appearance upon the part of the plaintiffs, the court proceeded, upon defendants' announcement of ready for trial, to sustain the general exception to the plaintiffs' petition and to hear the cross-action. It was adjudged that the contract declared upon was "null and void;" that the plaintiffs "take nothing by their said suit," and that "the title to said lots in said option contract mentioned and described be, and they are hereby, forever vested and quieted in said defendants."

On the 11th day of February thereafter the plaintiffs appeared and by verified motion for a new trial sought to have the said judgment set aside, proffering to pay costs and alleging in substance as an excuse for their failure to appear, that they and their counsel were nonresidents of the county of trial; that they and their said attorneys were at all times anxious, willing and ready to press the suit, but that their said counsel, after what was thought by them to be a careful examination to determine the date of the convening of the court in Baylor County, made the mistake of concluding that the term of court began on the 10th day of February, 1908, instead of the 3d, when it actually did convene for the first time after the suit was instituted. They further objected to the court's action in sustaining a general exception to the petition and averred that they had a meritorious cause of action in that they had at all times been able and anxious to carry out their part of the contract, and that the delay in the tender of the purchase money therein provided for was occasioned by the delay of the defendants in furnishing an abstract of title. The appellants' said motion for a new trial was overruled, and by the appeal in this case we are called upon to pass on the several proceedings stated.

Upon the nonappearance of appellants on the appearance day following the institution of the suit the proper practice would have been

to dismiss the suit for want of prosecution (see ·Burger v. Young, 78 Texas, 656), thus affording appellants an opportunity to amend their petition upon a hearing of appellees' demurrers if urged upon a reinstatement or reinstitution of the suit. An opportunity to do this was denied · by the court's action in entering ·up judgment against them.

Moreover, it is undisputed that appellees' answer setting up their cross-action with prayer to remove the cloud upon their title to the lots described in the plaintiffs' petition by the execution of the contract sought to be enforced, was filed on the second day of the first term of the court to which the case was returnable, and it seems to be conceded that of this answer appellants had no notice until several days after the judgment rendered. Such judgment upon the cross-action in the absence of notice of its presentation was clearly unauthorized under the opinion of our Supreme Court in the case of Harris v. Schlinke, 95 Texas, 88.

But appellees insist ·that the judgment in so far as it purports to afford relief under their cross-action to remove cloud from title be disregarded as a nullity, and that the judgment against appellants upon the demurrer be affirmed. Without determining, however,· whether this can be properly done, or whether the court's action in ruling upon the exception instead of dismissing the suit would require a reversal, we are of opinion that the demurrer, which was a general one, was improperly sustained and that appellants' motion for a new trial should have been granted. It has been often decided, as well as expressly provided in rule 17 prescribed by our Supreme Court for the government of our District and County Courts, that in passing upon a general demurrer or exception, "every reasonable intendment· arising upon the pleading excepted to shall be indulged in favor of its sufficiency." We think it is to be implied from the petition and contract attached thereto as an exhibit that appellees were to furnish for the consideration of appellants an abstract of the title to the lots that they proposed to sell. The petition alleged that immediately after it was ascertained from an abstract of such title that the title in appellees was good, they made the tender of the purchase money as provided in the contract. True, it would appear that the offer was made a few days after the expiration of the sixty day limit specified in the contract, but nothing in the petition warrants an inference that appellants were negligent in their consideration of the abstract. If not, and if appellees delayed furnishing the abstract so as not to afford appellants within the sixty days a reasonable time for its consideration, they ought not to be allowed to receive a benefit because of their own · failure, unless from the nature of the contract itself time is to be necessarily considered as of its essence, and this we think can not be properly said. The contract in our opinion is something more than a mere option in behalf of appellants to buy, such as were the contracts considered in the cases of Washington v. Rosario Min. & Mill. Co., 28 Texas Civ. App., 431, and Kelsey v. Crowder, 162 U. S., 404 (40 Law ed.), 1017. In the case of options the proposed purchaser binds himself to nothing; he merely acquires the right within the time limited to purchase upon terms stated. He may or ·may not, as

he pleases, exercise his option. Time, therefore, from the very nature of the contract is necessarily of its essence, and the proposed purchaser, in order to be entitled to a specific performance of the contract, must perform or offer to perform his part of the contract within the limit of the time stated. But generally speaking, this can not be said of contracts for the sale and purchase of land. In the contract we are considering, which does not specifically make time of its essence, there is a clear agreement on the part of appellees to sell, and upon the part of appellants to purchase and pay for the lots therein described in event an abstract should show in appellees a good title to as many as one hundred and thirty-five lots, a condition or event that should perhaps be implied generally, or if not, from the provision of the contract requiring appellees to give a general warranty deed. The material, essential object of the parties seems to be the purchase and sale of the property specified upon the terms mentioned, and nothing in the contract or in appellants' petition requires the holding that performance within the precise limit of the sixty days specified in the contract was a material inducement to its execution. It is stated in the 9th Cyc., pages 606-7, that in contracts for the sale of land time in equity is not generally of the essence of the contract. It is also so stated in Ahl v. Johnson, 61 U. S., 511 (15 Law ed.), 1005, and we so held in the case of Clay County Land & Cattle Co. v. Skidmore, 26 Texas Civ. App., 472. In the case last cited we quoted with approval from section 335 of Mr. Pomeroy's work on Specific Performance the following: "When, however, the only default of the plaintiff is delay, and the position of the defendant has not been materially changed thereby, a performance after the stipulated time may entitle the plaintiff to a decree for a specific execution, since mere lapse of time is not in general a sufficient ground in equity for the refusal of relief. A forfeiture caused by the nonpayment of money, however express may be the language of the contract, will, as a general rule, be relieved from on the theory that interest is a sufficient compensation. But the failure to pay must not be willful, nor the delay in payment be unreasonably long; and the plaintiff seeking relief from his default must show that it was not intentional, and has not caused irreparable injury to the defendant."

An application of the above authorities we think requires a reversal of the judgment in this case, particularly in view of the allegations in the motion for new trial, from which it clearly appears that appellees' own construction of the contract was that they should furnish an abstract of title; that they greatly delayed its presentation to appellants, and that thereafter appellants exercised diligence in its consideration and in their offer to pay the purchase money in accordance with the obligation. It also further appeared that appellants and their counsel in their failure to be in attendance when the case was called acted upon a mistaken belief that the court met a week later than it did, and on the whole set up a meritorious cause of action. See Springer v. Gillespie, 56 S. W., 370; Holliday v. Holliday, 72 Texas, 585; Dowell v. Winters, 20 Texas, 797; Cowan v. Williams, 49 Texas, 396; Evans v. Terrell, 95 S. W., 684; Mistrot Bros. & Co. v. Wilson, 41 Texas Civ. App., 160.

We conclude that the judgment should be reversed and the cause remanded.

*Reversed and remanded.*