### R. L. COLLIER ET AL. v. T. A. ROBINSON ET AL.

#### Decided May 14, 1910.

**1.—Contract for Sale of Land—Specific Performance—Evidence.**

In a suit to enforce specific performance of a contract for the sale of land, the issue being whether or not the purchasers had negligently failed to consummate the purchase within the time stipulated and so forfeited their right to specific performance, the written opinion of the purchaser's attorneys pointing out defects in the title was admissible in evidence together with evidence as to when the abstract of title was received and when returned.

**2.—Same—Abstract of Title—Evidence.**

The only defense interposed by the owner in a suit for specific performance of a contract to sell land, being that the purchaser had failed to consummate the same within the time stipulated, an abstract of title showing title in the defendant to the land in controversy was competent evidence, although the same was not made or furnished by the owner as in the contract he bound himself to do. Whether or not such abstract showed title in defendant was for the court to decide.

**3.—Charge—Invited Error—Practice.**

An appellant can not complain of an alleged error in the court's charge when he requested a charge containing the same error; and the fact that the special charge was requested for the purpose of correcting a supposed error in another paragraph of the main charge will not avail the appellant when there is nothing in the record to show that the trial judge was informed of the particular purpose of the requested charge.

Appeal from the District Court of Baylor County. Tried below before Hon. H. R. Jones, Special Judge.

*Holman & Newton* and *Coombes & Coombes,* for appellants.

*Glasgow & Kenan* and *Nelson & Pool,* for appellees.

DUNKLIN, ASSOCIATE JUSTICE.—R. L. Collier, J. B. Dickson and R. T. Dickson have appealed from a judgment in favor of T. A. Robinson and A. E. Poole, decreeing specific performance of a contract by appellants to convey to appellees certain town lots in the town of Dickens. The contract made the basis of plaintiffs' suit is fully set out in the opinion of this court on a former appeal of the same case

and reported in 53 Texas Civ. App., 285, (115 S. W., 915). As held in that decision, the written contract was not a mere option contract, but a contract on the part of appellants to sell, and on the part of the appellees to buy the property. On the trial from which this appeal has arisen, appellants pleaded a mutual mistake of the parties in drafting the contract and sought to show that the agreement between the parties was in effect an option contract on the part of the appellees to purchase the property, and the trial court peremptorily instructed the jury that such was the contract. However, the court charged the jury as follows:

"4th. It was the duty of the defendants to furnish the plaintiffs with an abstract of title in ample time to enable the plaintiffs to examine the same, and decide upon title to said lots, and comply with the contract within sixty days from the date of the contract, and if you find from the evidence that the defendants, by their negligence, failed to furnish plaintiffs an abstract of title in time for them to examine the same, and decide upon the title, and you find that plaintiffs were thereby prevented or delayed in complying with the contract by payment, or tender of payment of the purchase price, within the time specified in said contract, then the plaintiffs would be entitled to enforce specific performance of the contract after the expiration of the sixty days, and if you so find you will find for the plaintiffs.

"5th. You are further charged that the defendants were not required to furnish the plaintiffs with an abstract of title, until notified by the plaintiffs that they would take the lots, and if you find that the plaintiffs, by their negligence, failed to so notify the defendants in time for defendants to prepare and furnish the abstract to plaintiffs in time to afford them a reasonable time to decide upon the title, and make payment of the purchase price before the expiration of the sixty days, and you find that the plaintiffs have not complied with the contract by payment, or tender of payment of the purchase price within the sixty days, you will find for the defendants."

Appellants do not question the correctness of the theory adopted by the court in the trial of the case and shown by the instruction above quoted, therefore, there was no error in admitting the written opinion of Morrison & Morrison upon the title to the property in controversy, as shown by the abstract first furnished appellees by appellants, as that testimony was competent upon the issue whether or not the appellees negligently delayed the performance of their obligations under the contract.

Over appellants' objection the court admitted in evidence an abstract of title to the property embraced in the contract, the grounds of objection to the testimony being that the abstract was not prepared by appellants, but by appellees: that appellants had not been afforded an opportunity for an examination of the same, and that appellants were not bound to execute deeds to any lots to which they did not own a good title. The assignment of error based on the admission of this testimony is overruled. The issue whether or not the abstract did, or did not, show a valid title in appellants to the property was one for the court's decision. As shown by the charge above quoted, the court in effect decided that the evidence showed a valid title in

appellants to the property, and no assignment is presented complaining of that ruling.

Error is assigned to the fourth paragraph of the court's charge and quoted above, the proposition presented being that there was no evidence tending to show negligence on the part of appellants in furnishing the abstract of title demanded of them by the appellees. It would be sufficient answer to this assignment to say that if there was error in this instruction appellants can not complain of it, as by their requested charge No. 3 the court was invited to submit the issue of such negligence on the part of the appellants; however, we will say that there was evidence tending to show negligence on the part of Collier, the abstractor, Davis testifying that the original abstract furnished by Collier was incomplete, and that Collier's attention was called to the same before the abstract was furnished. The appellants' special instruction No. 3 above referred to is as follows: "You are further charged that if you find that defendants, by their negligence, failed to furnish such abstract within the time required; and you further find that plaintiffs, on their part have complied with the contract and made payment within sixty days, then plaintiffs would be entitled to enforce specific performance after the sixty days; and if you so find from the evidence you will find for plaintiffs." In appellants' brief the statement is made that this charge was requested to correct an error in the fourth paragraph of the charge given the jury by the court as quoted above, but the record in the court below does not show that the trial judge was informed of such purpose of the request, and in the absence of such a showing of the record appellants can not escape any error which the trial court was invited to commit by reason of the instruction so requested. (International & G. N. Ry. Co. v. Sein, 89 Texas, 63). The proposition made under the assignment complaining of the refusal of this requested instruction is, that in option contracts it is essential that the vendee offer specific performance on his part within the time limit of the contract. The requested instruction was in favor of the plaintiffs, and, while it is in harmony with the proposition, we fail to perceive how the refusal of it could be harmful to the defendants.

The evidence introduced upon the trial was insufficient to sustain the defendants' plea of a mutual mistake in drafting the contract, and the court should not have charged that the contract was an option. There was no evidence to show that the terms of the written contract were not known to all the parties before they signed it, and the testimony of the defendants that they did not intend that which the contract plainly imports, in connection with the vague and indefinite construction of the terms of the written contract by appellee Robinson, as shown by the testimony, would be wholly insufficient to require the submission of the plea of mutual mistake even as a contested issue. Pomeroy's Eq. Jur., sec. 843; Morton v. Morris, 27 Texas Civ. App., 262, 66 S. W., 98; Bexar Bldg. & Loan Assn. v. Seebe, 40 S. W., 875; Moore v. Giesecke, 76 Texas, 547. However, as shown by the instruction above quoted, plaintiffs were excused from payment of the purchase price of the property within sixty days from the date of the contract, in the event only of a finding by the jury that they

were prevented from so doing by the negligence of the defendants in failing to furnish a correct abstract of title in time to enable plaintiffs to examine and decide upon the title, and thus make such payment within the sixty days. This construction of the contract, perhaps, was more favorable to the defendants than they had lawful right to expect.

The conclusions above stated are sufficient answer to all other assignments of error presented in appellants' brief not previously discussed, and those assignments are therefore overruled.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

Appellants insist that in holding that they pleaded a mutual mistake of the parties in drafting the contract, we misconstrued their pleading, and in their motion for rehearing they say: "We respectfully submit that no such plea appears in defendants' answer" . . Such was our construction of the defendants' answer, and evidently the trial court gave it the same interpretation as indicated in his charge to the jury.

But the contention is made that we erred further in holding that the contract was not an option contract. More than that, appellants insist that the evidence conclusively shows an understanding by and between the parties that time was of the essence of the contract, and that, as plaintiffs did not tender performance within the sixty days period fixed by the contract they could not recover. In their motion for rehearing, appellants say, in substance, that the contemporaneous agreements and stipulations between the parties at the time of the execution of the contract, showed that Collier had agreed to furnish plaintiffs an abstract of title to the property, in time for plaintiffs to examine the same and comply with their agreements as shown in the contract, but that defendants were not to furnish the same until appellee, Robinson, had notified Collier of his intention to take the property. If there was no plea of mutual mistake in the contract as written, then in construing it we must be governed solely by its terms. When so construed, clearly it is not an option contract, for, in express terms, it bound defendants to sell and plaintiffs to purchase the property. Moss & Raley v. Wren, 102 Texas, 567, and authorities there cited.

The verdict of the jury, construed in the light of the charge, indicates a finding that defendants were guilty of negligence in failing to furnish within the sixty days' period named in the contract, such an abstract of title as they had agreed to furnish, that they had ample time so to do after demand therefor from plaintiffs, and that such delay on the part of the defendants was the occasion of plaintiffs' delay in tendering performance; and the evidence shown in the record was sufficient to support such findings. Even though it should be held that time was of the essence of the contract, as appellants contend, they cannot complain of the failure of plaintiffs to tender performance of their obligations within the time therein specified, if such failure of plaintiffs was caused by defendants' own negligence,

as found by the jury. Mc.Lane v. Elder, 23 S. W., 758; Wright v. Meyer, 25 S. W., 1122; Wilkens v. Wilkerson, 41 S. W., 179.

The motion for rehearing is overruled.

*Affirmed.*

Writ of error refused.