### CITY OF ABILENE v. McMAHAN.
#### (No. 10938.)

(Court of Civil Appeals of Texas. Fort Worth. Feb. 14, 1925. Rehearing Granted March 21, 1925.)

1. Fraud ⬦50—Burden of proof on plaintiff.

In action under Complete Tex. St. 1920, or Vernon's Ann. Civ. St. Supp. 1922, arts. 3973a–3973c, for fraud and deceit inducing execution of contract, plaintiff must establish affirmative of such issue.

2. Appeal and error ⬦930(3)—Plaintiff's failure to tender issue essential to relief prayed deemed waiver of such ground of recovery.

When cause is submitted to jury on special issues, plaintiff's failure to tender issue essential to relief prayed and not submitted by court, such as question of false promises inducing execution of contract, in action for fraud and deceit, will be treated as waiver or abandonment of such ground of recovery, and no presumption will be indulged that trial judge determined such issue in favor of judgment rendered.

3. Evidence ⬦441(8)—Testimony as to fraudulent promises inducing execution of conveyance held inadmissible as varying terms.

Testimony as to fraudulent promises inducing execution of plain, unambiguous conveyance of easement to city for construction of water pipe line, *held* inadmissible as varying terms thereof, in absence of plea that it did not embody entire agreement through fraud, accident, or mutual mistake.

4. Fraud ⬦52—Proof must be made according to common-law rules.

As Complete Tex. St. 1920, or Vernon's Ann. Civ. St. Supp. 1922, arts. 3973a–3973c, do not prescribe method of proving false promises and representations inducing execution of contract, proof must be made in accordance with common-law rules.

5. Evidence ⬦441(8)—Grantor alleging fraudulent parol promises contemporaneous with execution of deed in action for fraud cannot deny application of parol evidence rule.

Action for fraud and deceit inducing execution of contract is election to treat it as subsisting, and plaintiff cannot deny application of common-law rule excluding parol evidence varying terms of written contract.

#### On Motion for Rehearing.

6. Municipal corporations ⬦404(5)—Petition held to support recovery of damages to crops and fences caused by construction of water pipe line.

Petition, in action for damages to land by laying water pipe line under conveyance of easement to city, *held* to support recovery of damages expressly agreed to be paid for injury to crops and fences.

Appeal from Taylor County Court; Bruce E. Oliver, Judge.

Action by D. McMahan against the City of Abilene. Judgment for plaintiff, and defendant appeals. Reformed.

Davidson & Hickman, of Abilene, for appellant.

Kirby, King & Overshiner, of Abilene, for appellee.

DUNKLIN, J. The city of Abilene has appealed from a judgment in favor of D. McMahan for damages to a tract of land situated near the city of Abilene by the laying of a water pipe line across the land. The pipe line in controversy was constructed by the defendant city under and by virtue of the following agreement in writing:

"Whereas, we, D. McMahan and wife, ——— McMahan, of the county and state aforesaid, are the owners of the following described tract of land: 152¾ acres out of the B. H. H. Butts survey No. 60, situated on or near the waters of Elm creek near the town of Buffalo Gap, in Taylor county, Tex.; and whereas, the city of Abilene, Tex., desired to construct a pipe line across said land:

"Now, therefore, know all men by these presents: That the city of Abilene, Tex., is hereby granted the right to construct said pipe line over and across said land, and that said pipe line when so constructed shall remain permanently on said land and shall remain the property of the city of Abilene, Tex.; that ingress and egress is hereby granted to said city of Abilene, Tex., to go in and upon said land for the purpose of constructing and maintaining said line. Said line to be buried so that the top of said line shall be at least 12 inches below the surface.

"That the city of Abilene, Tex., for and in consideration of said easement hereby contracts and agrees to permit the property owner to have one connection on said line for domestic purposes. The size of the connection not to exceed one inch in diameter. The property owner shall install a meter at the line and maintain the same at his own expense. The city of Abilene, Tex., shall at all times have the right to inspect said meter and should the property owner fail to keep said meter in repair, the city may discontinue the service. The property owner shall pay to the city of Abilene, Tex., the sum of ten cents per thousand gallons for all water used from said line for domestic purposes; said payments to be made quarterly.

"If the city of Abilene, Tex., should find that it has sufficient water for irrigation, then the property over which this easement is granted shall have the preference to contract for said water. The city of Abilene, Tex., agrees to pay for all damage done to growing crops, fences and other improvements on said land in the construction and maintenance of said line.

"Witness our hand this 24th day of August, 1920.                    "D. McMahan,
                    "——— McMahan."

---

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

In his petition plaintiff alleged that the city, through T. E. Willis and W. E. Harris, its duly authorized agents and representatives, induced plaintiff and his wife to execute the contract by means of false and fraudulent representations, which were, in substance, that if plaintiff would grant said easement to said city, plaintiff could have all the water he needed for domestic purposes, to be supplied from said pipe line; and that the city would let plaintiff have plenty of water for his house and domestic purposes, and if there should be sufficient water from the city reservoir for irrigation purposes, the said plaintiff would have a preference right to contract for said water for such purpose.

It was further alleged that the defendant wholly failed to comply with said promises. and that plaintiff has been unable to secure water from the pipe line which he needed for domestic or irrigation purposes on account of a lack of sufficient pressure in the pipe line to force the water upon plaintiff's premises, and that by reason of the breach of such promises the contract had been rendered null and void. But it was expressly alleged that plaintiff did not seek a rescission of the contract. In other words, the suit was one for damages for fraud and deceit practiced by the defendant which induced the execution of the contract under and by virtue of the provisions of articles 3973a, 3973b, and 3973c, of the Texas Complete Statutes.

Plaintiff claimed $500 damages for injuries to his land from the construction of the pipe line across it, such injuries including the trampling and packing of the soil by teams and trucks, digging a large ditch across it, and embankments of dirt piled up which diverted the flow of surface water across his land, also destruction of his growing crops and fencing.

In answer to special issues, the jury found: (1) That plaintiff's land was damaged by the construction of the pipe line across it in the sum of $230; (2) that his crops were also damaged to the extent of $107; (3) that the damage to his fences amounted to $3; (4) that the damage done to the land cannot be entirely remedied, but that it can be partially remedied by leveling over the pipe line at a cost of $60.

Judgment was rendered for $400, which is the aggregate of all of those findings of damages. Those constituted all the issues submitted to the jury.

[1, 2] The action being one of fraud and deceit, it was incumbent upon the plaintiff to establish the affirmative of that issue. It is well settled by the decisions of our Supreme Court that when a cause is submitted to a jury on special issues, the failure of the plaintiff to tender an issue which is essential to any relief prayed for by him, and which is not submitted by the court, will be treated as a waiver or abandonment of that ground of recovery; and that under such circumstances no presumption will be indulged that the trial judge determined that issue in favor of the judgment rendered. G., H. & S. A. Ry. v. Price (Tex. Com. App.) 240 S. W. 524; Tex. City Transp. Co. v. Winters (Tex. Com. App.) 222 S. W. 541; Pub. Service Co. v. Tracy (Tex. Civ. App.) 221 S. W. 637.

Plaintiff's whole case of fraud and deceit was based upon allegations of false promises on the part of the city, which constituted the main inducement to him to enter into the contract, and in the absence of any finding by the jury sustaining those allegations, and in the absence of any request from the plaintiff for a submission of that issue to the jury, he must be held to have waived any right to recover for the alleged fraud and deceit. It follows then that there was no proper basis in the pleadings for any recovery by the plaintiff whatever.

[3] In view of another trial, we will add that the testimony offered to prove the alleged fraudulent promises, which induced plaintiff to execute the contract, was not admissible over defendant's objections that the same varied the terms of the written instrument which plaintiff himself alleged he executed, and did not wish to repudiate. Winkler v. Creekmore (Tex. Com. App.) 256 S. W. 257; Coverdill v. Seymour, 94 Tex. 6, 57 S. W. 37; R. T. Ry. v. Smith, 98 Tex. 553, 86 S. W. 322; Lanius v. Shuber, 77 Tex. 24, 13 S. W. 614; Ry. Co. v. Garrett, 52 Tex. 133; Walter v. Dearing (Tex. Civ. App.) 65 S. W. 380; Matheson v. Livestock Co. (Tex. Civ. App.) 176 S. W. 734; and other authorities there cited.

The consideration for the conveyance of the easement was expressed in the written instrument and was contractual in its nature, and therefore the rule forbidding the variation of a written instrument by proof of a contemporaneous parol agreement applies to it as much so as to any other terms of the contract. The fraud alleged did not consist of misrepresentation of facts which induced the execution of the conveyance, but consisted of alleged false and fraudulent promises or agreements.

The written conveyance executed by plaintiff was plain and unambiguous, and plaintiff did not plead that through fraud, accident, or mutual mistake it did not embody the entire agreement. Crouch v. Johnson, 7 Tex. Civ. App. 435, 27 S. W. 9. In the absence of such a plea, he cannot prove by parol an agreement at variance with it, without violating the established rule of evidence made the basis of the objection urged to the testimony offered as was specifically held by our Supreme Court in Lanius v. Shuber, 77 Tex. 24, 13 S. W. 614, cited above. In that case, as in the present, the payment of a promissory note was resisted by the defendant, a surety, upon a plea that he was

induced to execute it by a false and fraudulent promise of the payee, who was lending the money to the principal of the note, that the money would not be paid to the principal until he executed a chattel mortgage on cattle to be bought with it to secure payment of the note. And in that case our Supreme Court, in approving the ruling of the trial court sustaining an exception to the plea urging that defense, said:

"The note furnished evidence of a complete and valid contract between the parties. The facts set up in the answers excepted to go to show that the note failed to embody the entire contract between the parties and to add to it other material conditions. The answers, if allowed, would have had the operation of varying and destroying the force of the written contract by parol evidence, and the exceptions were properly sustained."

[4] Articles 3973a, 3973b, and 3973c do not purport to prescribe how false promises and false representations may be proven; the method of proof is therefore controlled by the common-law rules of evidence. When proof is properly made in accordance with those rules, then, and not until then, can those statutes be given effect.

[5] As noted above, this suit is not for a rescission of the conveyance executed by plaintiff to the city of Abilene. In his petition that conveyance is expressly recognized by plaintiff as valid and subsisting, and his action for fraud and deceit is in itself an election to treat the contract as subsisting, which binds him to an affirmance of it. 20 Cyc. pp. 86, 87, 95; 12 R. C. L. p. 410. Under such circumstances, he is in no position to say that the rule of evidence discussed above has no application; the fraud alleged, consisting of fraudulent parol promises made contemporaneously with the execution of the deed, and not of misrepresentation of facts, which induced the execution of the conveyance. 4 Wigmore on Evidence, § 2439.

We have construed plaintiff's petition as one for damages for fraud and deceit, and not for breach of the contract of the city, as evidenced by the written conveyance. However, if we are mistaken in this, and if it can be said that the suit is upon two counts, one for fraud and deceit and the other for breach of contract, the latter count cannot, in any event, support a recovery for any damages except for injury to crops and fences, which, as found by the jury, aggregated only $110.

For the errors pointed out, the judgment is reversed and the cause is remanded.

## On Motion for Rehearing.

[6] In oral argument by counsel for appellee, as well as in his motion for rehearing, it was stated, in substance, that in the event this court should adhere to the conclusions heretofore reached and shown in the opinion filed, then appellee would ask that the judgment of the trial court should be so reformed as to award him a recovery for $110 for damages done by appellant to his crops and fences as shown by the verdict of the jury, and that the judgment of the trial court be affirmed for that amount. We construe that offer as one of remittitur.

After due consideration of the motion, we do not believe that we erred in the conclusion reached that there was no proper basis for recovery of the damages found by the jury, other than that for injuries to appellee's crops and fences.

But upon a further reading of the petition filed by appellee in the trial court, we believe the same is sufficient to support a recovery for damages to crops and fences. By the terms of the conveyance by appellee to appellant, the latter expressly agreed to pay such damages, which the jury found to be in the aggregate sum of $110.

Accordingly, the motion for rehearing is granted, to the extent that the judgment of the trial court is so reformed as to allow a recovery by appellee for the sum of $110, with his costs incurred in that court. But all costs of appeal are adjudged against the appellee.