## BORGER v. MINERAL WELLS CLAY PRODUCTS CO.

### No. 1389.

Court of Civil Appeals of Texas. Eastland.

Feb. 22, 1935.

Works & Bassett, of Amarillo, for appellant.

W. O. Gross, of Mineral Wells, for appellee.

FUNDERBURK, Justice.

A. P. Borger, a resident of Hutchinson county, commanded by citation duly issued and served to appear before the district court of Palo Pinto county, the 5th day of March, 1934, to answer in a civil suit, employed attorneys residing in Amarillo, Potter county, to represent him. Said attorneys on Saturday, March 3, 1934, transmitted by mail plea of privilege in due and proper form. The letter of transmittal was addressed to Hon. J. A. Brewer, clerk of the district court, Mineral Wells, Tex. It was received at Palo Pinto and filed March 6, 1934, at 1:30 p. m. Previously, and between that time and 10 o'clock a. m. the same day, an interlocutory judgment by default had been rendered against Borger and Borger-McCormick Brick Company, Inc., the case being passed for final judgment to be rendered upon the disposition of another defendant who had duly filed his

plea of privilege. The post office address of the clerk was Palo Pinto, Tex., the county seat of the county, about 13 miles distant from Mineral Wells. On March 10, Mineral Wells Clay Products Company, the plaintiff in the suit, filed a motion to strike out the plea of privilege. This motion was set for hearing on March 28, 1934, and notice thereof given to Borger's attorneys. This notice was the first information to Borger, or his attorneys, that the plea of privilege had not been filed in due time. Upon receipt of the notice, said attorneys filed a motion to vacate the interlocutory judgment by default, and to pass upon the plea of privilege, which was heard at the same time as the motion to strike out the plea of privilege. The court, upon the hearing, overruled the motion to vacate the judgment, and sustained plaintiff's motion to strike out the plea of privilege on the ground, as recited in the order, "that said defendant had no valid excuse." From the action of the court on said motions, and the rendition of the default judgment, Borger has appealed.

We are of the opinion that the motion to vacate the judgment by default stated a meritorious defense. The averments of the motion are not as specific as desirable in this respect, but no issue was made on that point, and the recitation in the court's order shows that the motion was overruled on the ground that appellant had not shown a sufficient excuse for not having filed the plea of privilege in time to prevent judgment by default. The verified motion, as well as the evidence offered in support of same, showed conclusively, we think, these facts: (1) That the plea of privilege was placed in the United States mails at Amarillo, Tex., Saturday morning, March 3, 1934; (2) that it was addressed to Mineral Wells rather than to Palo Pinto, because appellant's attorney was under the mistaken impression that the former was the county seat; (3) that other attorneys in Texas having occasion to address the clerk sometimes directed letters to him at Mineral Wells; (4) that appellant's said attorneys had previously addressed at least two letters to the said clerk at Mineral Wells, which replies thereto showed had been received the next day after being mailed; (5) that appellant's attorneys had such facts in mind as a basis for his belief that in due course the plea of privilege would reach the clerk's office Sunday, or at the latest, Monday, thereafter; (6) that the clerk called for his mail Tuesday morning before the call of the appearance docket, but the letter did not arrive until about 1:30 p. m.; (7) that the replies of the

clerk to the other letters from the appellant's attorneys previously received showed by the letterheads the clerk's address to be Palo Pinto.

Appellant's motion called attention to the fact that there remained ample time during the same term of court to hear and dispose of the case on the plea of privilege.

It is our conclusion, after having made a careful study of the question presented, that the trial court erred in overruling the motion to vacate the interlocutory judgment by default. Much has been written on the question here presented. The adjudicated cases undoubtedly present many conflicts and inconsistencies. That such is the case is not at all surprising when it is considered that according to most authorities the question is one involving the exercise of "judicial discretion," or the "abuse of discretion." We find it unnecessary to enter into a discussion of the meaning of these terms. There is no reasonable hope that such a discussion would to any extent clarify the subject. (The writer cannot escape the conviction that in practical effect the exercise of judicial discretion by a trial judge means doing as he pleases, unguided by law, while an abuse of such discretion is shown when an appellate court is of the opinion that he should have done otherwise.) Whatever the meaning of discretion —sound or unsound—it certainly cannot be exercised contrary to positive law, nor commonly recognized legal or equitable principles.

In the early case of Dowell v. Winters, 20 Tex. 793, 794, Judge Wheeler, speaking for the Supreme Court, after saying of an application to vacate a judgment, such as the one here involved, that it "addressed itself to the sound discretion of the Court, to be determined by considerations of convenience and equity," further declared: "But the practice in our own Courts ought to be referable to some general principle, to produce uniformity." It was remarked that such applications "ought not to prevail, where the effect would be to delay the trial, *unless upon a good excuse* for the default, and the presentation of a meritorious defence." (Italics ours.) There was thus clearly implied the holding that, if an application were presented under such circumstances, that the granting of same would work no delay of a trial on the merits it should be granted without requiring a "good excuse." That this implication was intended appears beyond doubt by the subsequent expression of the same distinction, thus: "But where the trial has not been de-

layed, and there is an affidavit of merits, we think the default should be set aside and the answer received, upon *some* showing by way of excuse for the failure to plead in time." (Italics ours.) That the court meant "some" excuse, and not the "good excuse" required, where the granting of such an application would work delay is further shown as follows: "The excuse proffered in this case was certainly very slight. But it appears that the counsel acted under a mistake of law." The excuse was further denominated "no such excuse * * * as a Court of Equity would deem sufficient." It was further pointed out that it "does not appear that the trial would be delayed," and that "plaintiff would not have been injured or hindered by reason of the default."

Aided by subsequent decisions, we conclude that Dowell v. Winters meant to lay down a rule of procedure which recognized an important distinction between cases in which a "good," "sufficient," "legal," or "equitable" excuse was required to be shown to support a motion to vacate, and cases in which only a slight showing, amounting only to some excuse, would be sufficient. The distinction turns upon the presence, or absence, of facts to show that by the granting of such an application the adverse party would be injured. Presumably the setting aside of a judgment at a subsequent term would be injurious, and hence, it may be stated that in such a case a good excuse must be shown which implies a showing of the absence of negligence or exercise of ordinary care. On the other hand, if the application is made promptly at the same term, and the facts show there will be no material delay, and the failure of the party to answer or appear in time is not due wholly to his fault or neglect, or that of his attorney, but there are some extenuating circumstances, then the application should be granted.

In each of the following cases, except one, the action of the trial court in refusing to vacate the judgment was overruled; the application was made at the same term of court; the prima facie showing of a meritorious defense was required; the excuses sustained were as briefly indicated:

First Nat. Bank v. Southwest Nat. Bank (Tex. Civ. App.) 273 S. W. 951 (delay in mails where party had right to believe same would be delivered in time).

International Travelers' Ass'n v. Peterson (Tex. Civ. App.) 183 S. W. 1196 (letter transmitting answer misspelled the addressee's name, although it was known, and name of firm known. Follows Dowell v. Winters).

Cowan v. Williams, 49 Tex. 380 (amended pleading filed day of trial tendering new issue. Defendant would not have been ready because thereof if present. Volunteer attorney was not acquainted with case. In setting aside order it was said: "Appellant's counsel was unquestionably negligent").

Buford v. Bostick, 50 Tex. 371 (surprise at correct ruling of trial court. Held that "a new trial may be granted on the ground of surprise, even when such surprise is occasioned by a correct ruling of the court, and although negligence may be imputable to his attorney").

Hubb-Diggs Co. v. Mitchell (Tex. Civ. App.) 231 S. W. 425 (two citations served in time, one defective in commanding appearance at impossible date. Attorney had no actual notice of correct citation served by leaving at office until after default. Attorneys misled by erroneous citation).

Meckel v. State Bank (Tex. Civ. App.) 256 S. W. 668 (citation commanding appearance March 26, defendant and attorney were ignorant of law making citation returnable February 5th. Plaintiff partly lulled into inaction by a suit already pending in another county on same cause of action).

Houston & T. C. R. Co. v. Burke, 55 Tex. 323, 40 Am. Rep. 808 (defendant's agent by mistake sent citation to wrong officer, latter absent from office, citation pigeonholed until after default. Held "We think the facts stated so far excused the failure to answer, that, if there was also a showing of a valid and meritorious defense, the court should have allowed the defendant an opportunity to make that defense available").

Thomas v. Womack, 13 Tex. 580 (defendant and attorney lived distant from court. Defendant's horse got sick on way to court, held, "there is reason to believe that it was not wholly in consequence of his fault that he was not present or represented. It is quite evident that, though he may not have been as vigilant as the law requires, and it may have been in some measure his own fault, * * * we think a new trial ought to have been granted").

Chaney v. Allen (Tex. Civ. App.) 25 S.W. (2d) 1115 (cases had been previously compromised. No reason given why court was not informed).

Walker v. Harris (Tex. Civ. App.) 227 S. W. 360 (attorney delayed by accidental injury to wife, but immediately mailed plea of privi-

lege, wired attorneys of appellee, and district judge, had reason to believe and did believe plea would reach clerk in time).

Evans v. Terrell (Tex. Civ. App.) 95 S. W. 684, 686 (attorney duly employed absent at trial. Volunteer attorney answered simply to save rights. Held "When it is apparent * * * that the complaining party has not been guilty of inexcusable neglect," etc., the defendant should be granted a new trial).

Pecos & N. T. Ry. Co. v. Faulkner (Tex. Civ. App.) 118 S. W. 747, 749 (case set April 20th. April 19th attorney, seventy-six miles away, went to depot in time to take train according to schedule for past six years. Schedule had been changed. Attorney, although thereafter diligent, arrived too late, held, "It is not apparent from anything in the record that it would have been unjust to appellee to have granted the motions. Therefore it appears that, independent of any strict legal right appellants may have had to have the judgment vacated * * * they had shown an equitable right. * * *").

Trueheart v. Simpson (Tex. Civ. App.) 24 S. W. 842, 843 (defendant, detained by sickness, asked attorney to look after case, but made no employment, held, "We do not mean to hold that appellants made a strict showing of diligence, but we think they brought themselves within the rule laid down in Dowell v. Winters").

Sedberry v. Jones, 42 Tex. 10 (party and attorney supposed case had been compromised. Contest of application showed suit had not been in fact compromised—a mistake of law).

Janes v. Langham, 33 Tex. 604 (answer handed to clerk for filing, but not filed, but withdrawn to fill blanks. On default day attorney absent because of ill health and a storm. Follows Dowell v. Winters).

Holliday v. Holliday, 72 Tex. 581, 10 S. W. 690 (no meritorious defense, but excuse sustained, being misunderstanding as to setting case for trial).

Alexander v. Soloman (Tex. Sup.) 15 S. W. 906 (newly discovered evidence consisting of a letter being on closely contested issue, held, action of lower court may be revised under circumstances mentioned "though the diligence of the appellant may not have reached the highest [or most exacting] standard"— citing Dowell v. Winters, Buford v. Bostick).

Keeter v. Case (Tex. Civ. App.) 41 S. W. 528, 529 (material testimony excluded which had been admitted at former trial, question of admissibility was a matter of practice not defi-nitely decided, held, "We deem it our duty to apply the principle sometimes recognized, that it is an abuse of discretion on the part of the trial court to refuse a new trial in case of surprise when it is shown that great injustice probably resulted from the" exclusion).

Beck v. Avondino, 20 Tex. Civ. App. 330, 50 S. W. 207, 210 (defendant's former attorneys advised case had been discontinued. Defendant in distant city relied upon advice, held, "This was clearly such accident or mistake as would call for equitable relief").

Hickman v. Swain (Tex. Civ. App.) 210 S. W. 548 (mistake of attorney in overlooking the time when court convened, and being under impression term commenced in September, instead of August).

Scottish U. Ins. Co. v. Tomkies, 28 Tex. Civ. App. 157, 66 S. W. 1109 (attorney concluded after consulting members of bar, and judging from crowded condition of docket, case would not be reached for first few weeks, attorney being nonresident, new trial ordered on ground some excuse was shown, and defendant suffered no delay).

Chinn v. Taylor, 64 Tex. 385 (reaffirms holding in Buford v. Bostick, supra).

Farmers' Gas Co. v. Calame (Tex. Civ. App.) 262 S. W. 546 (attorney engaged in trial of another case).

Robinson v. Collier, 53 Tex. Civ. App. 285, 115 S. W. 915 (mistaken belief of attorney court met a week earlier than it did).

Springer v. Gillespie (Tex. Civ. App.) 56 S. W. 369 (nonresident defendant served while passing through state employed attorneys; one got sick, and the other thought he had five days to file answer, overlooking change in law making second day appearance day. Follows Dowell v. Winters).

Presidio C. G. & O. Ry. Co. v. Dupuy (Tex. Civ. App.) 2 S.W.(2d) 341 (attorney got lost, one hour late. No showing whether negligent in getting lost).

Green v. Cammack (Tex. Civ. App.) 248 S. W. 739, 742 (impossibility of arriving after notification, held, "If the application shows some excuse * * * and * * * a meritorious defense * * * it should be granted, unless to do so would materially prejudice the plaintiffs' rights in some way").

R. R. Dancy & Co. v. Rosenberg (Tex. Civ. App.) 174 S. W. 831 (excuse not stated. Held some excuse, though weak).

Paggi v. Rose Mfg. Co. (Tex. Civ. App.) 259 S. W. 962 (bill of review, and therefore not

strictly in point. Attorney requested clerk to notify him when case set. Received no answer. In same month wrote clerk. Further receiving no answer, made trip from Denton to Dallas. Found case not set. Attorney received no notice of setting. Clerk in other cases had notified of setting).

Miller v. First State Bank & Trust Co. (Tex. Civ. App.) 184 S W. 614 (parties late in reaching court could have been present had they left Brady day before, or by automobile an hour earlier. Had a blow-out. Follows Dowell v. Winters).

Field v. Fowler, 62 Tex. 65 (adverse counsel promised to give notice before default judgment. Notice given but not in time for counsel to get to courthouse).

Lanius v. Shuber, 77 Tex. 24, 13 S. W. 614, 615 (case on jury docket. No jury fee paid. Party concluded no jury trial could be had, so went home. Case tried on nonjury docket in absence. Held, there was "such evidence of diligence shown by the defendants, and such probability that they had been misled by the action of the plaintiff in connection with the condition of the dockets, that a new trial should have been awarded").

Bostwick v. Bostwick, 73 Tex. 182, 11 S. W. 178 (expected case to be called in due order, but was called up and tried out of order seven days after first day of court, application for continuance in hands of attorney in city day before trial).

Panhandle Motors Co. v. Foster (Tex. Civ. App.) 245 S. W. 269 (attorney informed by clerk that during attorney's absence cause had been continued and jury discharged for term).

Fitzgerald v. Wygal, 24 Tex. Civ. App. 372, 59 S. W. 621 (regular judge told attorney cases of the class of his case would not be tried by visiting judge).

Howard v. Emerson (Tex. Civ. App.) 59 S. W. 49 (attorney's absence at bedside of sick relative, partner not acquainted with case was engaged in trial of another case. Defendant ignorant that attorney was absent and could not have employed another. Court apprised of facts before judgment).

██ The proposition seems to be deducible from these decisions that in considering whether plaintiff will suffer injury by the vacation of a judgment, it is not considered that he has any vested rights in shutting out a meritorious defense. Questions of unreasonable delay, expense, or hardship are the determinative factors.

██ It is not at all clear to us that the misdirection of the letter transmitting the plea of privilege to Mineral Wells instead of Palo Pinto had anything to do with the delay by which the plea failed to reach the clerk in time. . But even if it did, under the rule attempted to be established in Dowell v. Winters, supra, we are of the opinion that the mistake of appellant's attorney in supposing that Mineral Wells was the county seat, even though there was some data before him, had he noticed it, that would have prevented the mistake, was not such inexcusable neglect as to forfeit the right under the circumstances to interpose a meritorious defense. It is, therefore, our conclusion that the judgment of the court below should be reversed, and the court directed to reinstate the plea of privilege, and to sustain same, unless the same is controverted within the legal time after such reinstatement, and the issue thereby raised is, upon proper hearing, determined otherwise, all of which is accordingly so ordered.