NATIONAL WESTERN LIFE INSURANCE COMPANY and J. A. Ring, Appellants,

v.

Michael MIOLA et ux., Appellees.

No. 4412.

Court of Civil Appeals of Texas.

Waco.

Sept. 9, 1965.

Kleberg, Mobley, Lockett & Weil, J. Lev Hunt, Corpus Christi, for appellants.

Mahoney, Shaffer & Hatch, Corpus Christi, for appellees.

WILSON, Justice.

A temporary injunction was granted restraining foreclosure of a deed of trust lien under power of sale. In our opinion, there is no evidence of probative force to authorize the order and we reverse.

The injunction was sought on the basis that appellant company agreed that it would be mandatory, rather than optional, that funds in escrow should be used to make note payments if the borrower defaulted. The petition alleged that "as a part of the transaction between plaintiff and defend-ants at the time of the execution" of the note and deed of trust, it was represented to plaintiff by defendants "that the sum of $12,500 deposited in escrow would be held by the escrow agent for the purpose of payment" to appellant lender "of the monthly payments on said note in the event plaintiff was unable to make such payment on any month when such payment became due and payable."

Appellee applied to appellant company for a loan to purchase a building. Having failed at the time of closing to obtain leases sufficient to assure repayment of the loan, appellee signed a written escrow agreement under which a sum from the loan proceeds was deposited to be held until specified leases were obtained. The contract provided that if appellee failed to make any payments on the note when due the lender company "may use such portions of the escrow fund as necessary" to make the payment, but that "the use of the escrow fund for such purpose by the company is an option to be exercised solely by the company in its discretion, and the company is in no wise or manner obligated to apply any portion of the escrow fund to such payment."

Appellee borrower was permitted to testify, over objection that his evidence varied the contents of the escrow agreement in contravention of the parol evidence rule, that "prior to the closing of the loan" it was represented to him that "If and when I cannot make payment on the building, that this money or payment that I can't make can be taken from the escrow money," and "if and when I could not make any payment, this could be used as a cushion—or to make payments—take money out of and make payments to the building." This is the only evidence we find relating to the allegations.

The escrow agreement is complete as to the very issue asserted in the pleadings as to the purpose and proposed use of the escrow fund. The alleged prior

or contemporaneous parol agreement directly relates to the same subject matter as the writing, and is inconsistent with it. When the parties have reduced their contract to writing, and the terms are completely expressed without uncertainty, parol evidence of prior and contemporaneous agreements "is not admissible to contradict or vary the terms of the written instrument." Lewis v. East Texas Finance Co., 136 Tex. 149, 146 S.W.2d 977, 980; Hubacek v. Ennis State Bank, 159 Tex. 166, 317 S.W.2d 30, 32; 2 McCormick and Ray, Texas Law of Evidence, (2d ed.), Sec. 1631, p. 483.

 Appellees urge the rules, which we recognize, that the applicant is only required to show probable right and injury, and not that he will prevail on final hearing; and that the granting of the temporary injunction is within the trial court's discretion. These rules do not obviate the applicant's burden of producing some evidence. "If he cannot or does not discharge his burden he is not entitled to extraordinary relief. Writs of injunction should not issue on mere surmise." Camp v. Shannon, 162 Tex. 515, 348 S.W.2d 517, 519.

Appellees insist the order was proper because they alleged and proved fraud on the part of appellants in executing the escrow agreement. The "fraud" alleged was the same asserted prior agreement quoted above: the agreement "that such escrow funds would be used for the purpose of making monthly payments." It was not alleged that appellants misrepresented or concealed the contents of the escrow agreement, or prevented appellees from obtaining knowledge of its provisions. It was not claimed the execution of the escrow agreement was induced by fraud. Appellee testified the agreement was read to him as it was written; that the quoted provisions were read to him before he signed it; that he heard them read as stated in the agreement, before he signed

it. The pleading and proof do not raise the issue of fraud. Lanius v. Shuber, 77 Tex. 24, 13 S.W. 614.

The judgment is reversed and the temporary injunction is dissolved.