## M. E. CROUCH V. ALBERRY JOHNSON.

### No. 325.

1. **Continuance Properly Refused.**—The application, although stating the acts of diligence, failed to add that due diligence had been used, but before the application was acted on the defendant offered to make this addition to his affidavit. Defendant admitted the contract of sale as claimed by plaintiff, and that at the time of the contract plaintiff agreed to obtain a patent in order to perfect his title, which he had not done. This constituted no defense, because evidence thereof would have varied the terms of the written contract. Defendant claimed further, that plaintiff had placed him in possession of a different 160 acres than the one contracted for, upon which he had made valuable improvements in good faith amounting to $2100, which he pleaded in reconvention. On the trial defendant was present and offered no testimony; under these circumstances no injury resulted to defendant in overruling the application for continuance. Railway v. Woolum, 84 Texas, 573.

2. **Admission of Incompetent Evidence Not Erroneous, When.**—The admission of incompetent evidence will not ordinarily cause a reversal in cases tried without a jury, if there is other testimony in the case sufficient to support the judgment. Smith v. Lee, 82 Texas, 130.

3. **Parol Evidence Not Admissible to Vary Written Contract.**—Where there is no ambiguity in the language of the written contract, parol testimony of a different contract at the time than that expressed is not admissible. If there was such an agreement, and its omission from the writing was due to fraud, mistake, or accident, pleadings properly setting up this equitable ground for relief would have authorized the evidence. Soell v. Hadden, 85 Texas, 187.

4. **In Executed Contract Vendee Can Not Resist Payment, When.**—In case of an executed contract of sale, the vendee can not resist payment of purchase money on the ground of defect in title, if he knew of such defect at the time he purchased. In such cases he must ordinarily await eviction. Ogburn v. Whitlow, 80 Texas, 241.

APPEAL from Atascosa.    Tried below before Hon. M. F. LOWE.

*John W. Preston* and *Hudson & Smith,* for appellant.—1. On refusal of continuance: Railway v. Aiken, 71 Texas, 373.

2. Error in admitting deed to appellee, the land being part of the public free school land.   Luckie v. Watt, 77 Texas, 262; Martin v. McCarty, 74 Texas, 132; Taylor v. Burke, 66 Texas, 646; 66 Texas, 256; Ramsey v. Medlin, 55 Texas, 248.

3. Contemporaneous parol agreement: Sayles' Civ. Stats., Rule 21; Preston v. Breedlove, 36 Texas, 96; Etter v. Dugan, 1 Posey's U. C., 175; Thomas v. Hammond, 47 Texas, 42.

*D. P. Marr*, for appellee.—1. Continuance: Railway v. Woolum, 84 Texas, 573.

2. Recitals in the Dignowity deed, under which appellant claims, prove purchase from the State.   Polk v. Chaison, 72 Texas, 500; Rodriguez v. Haynes, 76 Texas, 225; Hardy v. De Leon, 5 Texas, 244; Kimbro v. Hamilton, 28 Texas, 567.

3. Parol evidence not admissible to vary unambiguous contracts. Newton v. Newton, 77 Texas, 508; Moore v. Giesecke, 76 Texas, 543.

4. Vendor under executory contract, on refusal of vendee to pay purchase money, may rescind such contract and reclaim his land.   This right may be exercised even when the vendor's title fails entirely, if he was guilty of no fraud or injustice towards the vendee in making the contract of sale.   Thompson v. Westbrook, 56 Texas, 265; Kennedy v. Embry, 72 Texas, 387; Lundy v. Pierson, 67 Texas, 233; Lanier v. Faust, 81 Texas, 186.

JAMES, CHIEF JUSTICE.—We find the conclusions of fact prepared by the trial judge to be sustained by the testimony, and the objections to these conclusions will be considered in our conclusions of law.   The conclusions of fact will be adopted by this court, as follows:

That on the 1st day of January, 1886, the plaintiff and defendant entered into a contract of sale and purchase of 160 acres of land, as alleged in plaintiff's original petition.   The plaintiff gave the defendant a bond for title, and the defendant gave the plaintiff the promissory note for the purchase money, dated January 1, 1886, as set out in said petition.   Plaintiff bound himself by his bond to convey the 160 acres to the defendant within three years thereafter, by a warranty deed duly acknowledged in usual form, provided defendant should first pay plaintiff the purchase money as specified in the bond and note.   I find, that the smaller note described in plaintiff's original petition was given by the defendant to the plaintiff in settlement of the first installment of interest upon the other note, that is, for the interest for the year 1886, and I find that when the contract was made and the first note executed it was understood by the parties that the interest should be paid by the defendant at the end of each year; but that this provision was omitted from the note by mutual mistake.

That at the date of the contracts plaintiff had no patent to the land, and the defendant knew this fact when he entered into said contract for the purchase of the land, which is a part of State school section number 1606.   That J. V. Dignowity had contracted with the State for the purchase of this section and made part payment (as recited in his deed to the plaintiff), and that the plaintiff purchased said section from said Dignowity, paying him $400 therefor, and that the plaintiff has paid the State all of the balance of the purchase money, and made the last payment to the State Treasurer on October 9, 1889.

That the defendant has been in the possession of the 160 acres he purchased from plaintiff ever since January, 1886, and that the rent of same is worth $100 per annum, and that the defendant has made improvements upon the land, but their character or value was not proved at all. I find, that at the maturity of the first note and bond the plaintiff offered to make the defendant a warranty deed in usual form according to the terms of the bond if the defendant would pay the purchase money then due; but this the defendant refused to do, stating that he would never pay any part of the purchase money until plaintiff should obtain a patent.

That the defendant has never paid either of the two notes given for the purchase money, or any part thereof, nor has he ever tendered the money with any intention of paying it to the plaintiff. I find, that there is no proof of any defect in plaintiff's title to the land (except that he has not yet obtained a patent), and that so far as the evidence shows, the plaintiff is entitled to a patent to the entire section.

That there is no proof of any other title in defendant except under the plaintiff, nor of any valid outstanding title in any other person to the land in controversy. That there was no fraud or misrepresentation upon the part of plaintiff in making the contract with the defendant for the sale of the land, but that both parties knew the true state of the title. That at the maturity of the notes and bond, and when the defendant had refused to pay the purchase money, the plaintiff offered to deliver back the notes and demanded possession of the land, which defendant refused. I find that the defendant repudiated the contract.

*Conclusions of Law.*—The appellant questions the said conclusions by his assignments 6 and 7:

1. "The finding that Dignowity had contracted with the State for the purchase of section 1606 and had made part payment thereon, for the reason that there is not a particle of testimony in the record of such facts outside of the recitals in the deed from Dignowity to plaintiff Johnson.

2. "The finding that there was no defect in the plaintiff's title to the land, except that he had not yet obtained a title to the land, and in finding as a fact that plaintiff was entitled to a patent."

We think the conclusions of the judge were warranted.

The plaintiff in his testimony stated that his vendor Dignowity had purchased the section 1606 from the State and paid part of the purchase money before he sold, and that the witness had since paid the balance to the State. The original evidence of the purchase would have been the contract of purchase, but secondary evidence is sufficient when no objection is made. The testimony of plaintiff was sufficient to show the fact of purchase. We see no testimony in the record to show a different state of facts from what the conclusions

state as to any defect in plaintiff's title other than that patent had not issued.

The first assignment of error is to the refusal of a continuance. It appears that the application, although stating the acts of diligence, failed to add that due diligence had been used. Railway v. Woolum, 84 Texas, 573. It seems, however, that before the application was acted upon defendant offered to make this addition to his affidavit. Independently of these questions, we believe the court did not err in refusing the continuance, for the reason that defendant does not appear to have suffered by its denial. An inspection of the answer shows that defendant admitted the contract of sale as it was alleged by plaintiff, viz., that he had executed the note sued on for the land, and had taken from plaintiff a bond for title conditioned that plaintiff would execute and deliver to defendant a warranty deed to the land upon defendant's paying to plaintiff the amount of said promissory note and interest. The defenses were:

1. That at the time of the contract the land was not patented, and plaintiff agreed to perfect his title by obtaining a patent from the State, which had not been done. This constituted no defense, for the reason that evidence to support the same was not admissible to vary the terms of the written contract of sale.

2. That plaintiff wrongfully and fraudulently put defendant in possession of another and different 160 acres of land, owned by others, and on which defendant in good faith had made valuable improvements, believing it to have been the land he bought, and specified the improvements, alleging their value at $2100, and prayed for this sum in reconvention if plaintiff did not comply with his contract and procure for him title to the land.

On the trial the defendant was present and offered no testimony. He could not have expected the absent witnesses to testify to what did not relate to his said defenses, and their testimony concerning the first of said defenses would not have been allowed. As to the second as well as the first of said defenses, the facts may reasonably be taken to have been within the knowledge of the defendant, and he refrained from giving any testimony. Under these circumstances, it would appear that there was no injury to him in overruling the continuance.

The second assignment complains of the admission of a letter purporting to have been written by the State Treasurer, F. R. Lubbock, to plaintiff. The letter was an acknowledgment of the receipt for the final payment of purchase money due the State for the land and patent fee, and stating, that "patent will reach you in due course." This was not error that would reverse the judgment, although the letter should not have been admitted without proof of the Treasurer's signature. The final payment of the land was otherwise proved by uncontradicted testimony, and the final clause of the letter did not

probably affect the decision, as the case was tried by the judge. The admission of erroneous evidence will not ordinarily cause a reversal in cases tried without a jury, if there is other testimony in the case sufficient to support the judgment. Smith v. Lee, 82 Texas, 130. There was no evidence of any material defect in the plaintiff's title to the land in question.

The fourth assignment of error discloses that the following question was propounded to plaintiff: "Did the Commissioner of the General Land Office refuse to issue you a patent from the State of Texas to the land in controversy?" The bill of exceptions does not state what was expected to be proved by the answer to the question. But assuming that the answer would have been in the affirmative, it would not have evidenced a want of title in the plaintiff. The mere refusal of the Commissioner to issue a patent would not justify a court in finding that applicant did not have title.

The court did not err in not permitting plaintiff to be asked the question: "Did you and Mr. Crouch, at the time the bond for title was executed, have any conversation and agreement in reference to the land being unpatented, and did not you and he understand a warranty deed from you to him to mean that you could not give him a warranty deed until the State issued you a patent?" The ruling was correct, because there was no uncertainty or ambiguity in the language of the bond, and parol testimony of a different contract at the time than that expressed therein was not allowable. The proof which was expected to be made (as shown by the bill of exceptions) was, that the terms "warranty deed in common form" used in the bond meant that defendant was to have a perfect fee simple title from plaintiff before he was to accept any deed from plaintiff. If there was such an agreement, and its omission from the writing was due to fraud and mistake or accident, pleadings properly setting up this equitable ground for relief would have authorized the evidence. As it was, the evidence would not have been admissible. Soell v. Hadden, 85 Texas, 187; Bigham v. Bigham, 57 Texas, 242.

The evidence in this case shows an executory contract of sale of land, whereby plaintiff obligated himself to convey to defendant certain land by warranty deed in common form upon payment of the note with interest. No payment of purchase money had been made. The note given for purchase money had matured. The vendor had at the maturity of the note offered to make defendant a warranty deed according to the bond, and defendant refused to accept such a deed, and declared he would never pay a cent for the land until he got a patent to it. The plaintiff not being in default under these circumstances, he was in a situation to enforce a rescission of the contract and recover the land. Moore v. Giesecke, 76 Texas, 543. This was the principal relief sought by the petition, plaintiff asking, in the

event that he was not entitled to a rescission, that he be decreed a foreclosure for the purchase money.

In the case of an executed contract of sale, as for instance when a warranty deed is made, it is held that the vendee can not resist payment of purchase money on the ground of a defect in the title, if he knew of such defect at the time he purchased. In such case he must ordinarily await eviction. Rawle on Cov., sec. 320; Ogburn v. Whitlow, 80 Texas, 241.

It is not necessary to decide whether or not such a rule will apply in this case of executory contract, because the evidence does not disclose a defect in the title of the vendor. That a patent had not been issued for the land, or even a refusal of the Commissioner to issue it, would not be tangible evidence of a want of title.

The Supreme Court say, in Moore v. Giesecke: "When the vendor's suit is predicated upon the mere refusal of the vendee to pay the whole consideration contracted for, the facts that the vendee has paid part of the consideration and made valuable improvements, coupled with possession of the property unaided by some other sufficient equity, will not entitle him to recover for such purchase money or improvements. In such case, when the vendor has neither waived his legal rights nor committed any default, he can not be involuntarily taxed with improvements made upon his property without his consent, or be made to pay a price for recovering it back."

This clear statement of the rules furnishes the means of determining the right of the parties before us upon the facts. Here the plaintiff was not in default. The defendant was in default; the defendant had paid nothing on the land; it was shown he had made some improvements, but what they were or whether they were valuable or not is not disclosed; from the time the purchase money was due, he refused to perform, unless plaintiff did what his contract did not require him to do. The delay of plaintiff in filing the suit does not appear to have operated in any way to defendant's injury. We can see nothing in the evidence that can be construed as a waiver of the right to rescind, or any supervening equity in favor of the defendant, and we conclude that this remedy was clearly available.

The judgment is affirmed.

*Affirmed.*

Delivered May 23, 1894.

Writ of error refused by Supreme Court, October 11, 1894.