Submitted on briefs at Pendleton October 28, affirmed November 19, 1918.

## BOYER *v.* ANDUIZA.

(175 Pac. 853.)

**Executors and Administrators — Powers of Administrator — Lease of Realty.**

1. An administratrix entitled to the possession and control of decedent's premises as such may lease them to a third party.

**Trespass—Possession.**

2. Either actual or constructive possession is sufficient to maintain trespass, although one of the two is necessary at the time of the trespass.

**Trespass—Possession by Lessee.**

3. The possession of realty by lessee under a lease from an administrator is sufficient to maintain trespass *quare clausum fregit*.

[As to right of one in actual possession of land under color of title to maintain action of trespass against mere trespasser, see note in **Ann. Cas. 1915D, 37.**]

**Appeal and Error—Review—Error Favorable to Appellant.**

4. Defendant in a suit for trespass cannot assign as error a reduction of recovery against him; such error, if any, being in his favor.

**Appeal and Error—Assignments of Error—Sufficiency.**

5. Under Supreme Court Rule 12 (173 Pac. x), questions as to evidence or instructions will not be considered unless arising upon the assignments of error.

From Malheur: DALTON BIGGS, Judge.

In Banc.

This is an action of trespass *quare clausum fregit.* The cause was tried to the court and a jury resulting in a verdict and judgment for plaintiff. Defendant appeals.                                    AFFIRMED.

For appellant there was a brief submitted over the name of *Messrs. Davis & Kester.*

For respondent there was a brief submitted over the name of *Mr. George W. Hayes.*

BEAN, J.—The plaintiff in his complaint claims damages, by defendant's sheep, to the grass, verdure and forage growing on 320 acres of land in Malheur County, during September, 1917.

The defendant denies the complaint, but further pleads that his sheep necessarily passed over the lands from one range to another without doing damage. As stated by the learned counsel for defendant, the case turns upon the question of the plaintiff's possession, actual, or constructive.

Plaintiff leased the lands for the year 1917, of Mrs. Ella Woodruff, the widow and administratrix of the estate of the late owner of which the premises constitute a part. The arrangement for the lease is evidenced by two letters from Mrs. Woodruff, and a canceled check which are in the record. A portion of the rent was paid by plaintiff in the construction of fences on the premises. Mrs. Woodruff in her letter to the plaintiff stated that if she should sell the place before the year was up, she would pay him back, or make it right with him, but there is no evidence tending to show that any repayment had been offered, or that plaintiff had been dispossessed of the land. The land was leased for grazing purposes, the plaintiff residing upon adjoining land. Neither Mrs. Woodruff nor anyone claiming under her is making any claim to the right to the pasture or possession of the land. Plaintiff testifies that he was in possession of the premises in September, 1917, when the trespass was committed. It is contended on behalf of defendant that the agreement between the plaintiff and the administratrix which is the basis of plaintiff's right is insufficient upon which to base constructive possession.

At the close of plaintiff's case in chief, counsel for defendant interposed a motion for nonsuit and at the

close of all the testimony moved the court for a directed verdict in favor of defendant. The refusal to grant these motions are assigned as errors which may be considered together. Under our statute, a formal written lease of real estate for the term of one year is not required: Sections 804, 808, subd. 6, L. O. L.

Section 1185, L. O. L., provides in part that:

"The executor or administrator is entitled to the possession and control of the property of the deceased, both real and personal, and to receive the rents and profits thereof until the administration is completed, or the same is surrendered to the heirs or devisees by order of the court or judge thereof. * * "

Section 1304, L. O. L., declares as follows:

"The real property of the deceased is the property of those to whom it descends by law or is devised by will, subject to the possession of the executor or administrator. * * "

Where an injury is done to real estate, the administrator and not the heirs is entitled to recover for damages done: *Mast* v. *Sapp*, 140 N. C. 533 (53 S. E. 350, 111 Am. St. Rep. 864. 6 Ann. Cas. 384, 5 L. R. A. (N. S.) 379).

1, 2. Mrs. Woodruff, being entitled to the possession and control of the premises in question as the administratrix of her deceased husband's estate, had the right to transfer the same to the plaintiff, which the evidence shows she did. It is the general rule in America that either actual or constructive possession is sufficient to maintain trespass, although one of these two kinds is necessary at the time of the trespass: 38 Cyc. 1005, 1006, note 91. Whatever right to the possession and use of the land Mrs. Woodruff had was transferred to the plaintiff. In a note to *Beaufort Land &*

*Investment Co.* v. *New River Lumber Co.*, 30 L. R. A. (N. S.) 243, at page 255, we find the following:

"The occupancy by a widow of land of which she took possession upon the death of her husband, was held in *Byrne* v. *Van Hoesen*, 5 Johns. 66, to be sufficient to enable her to maintain an action of trespass *quare clausum fregit* for entering the close and cutting down trees, on the theory that she is entitled to possession. * *

"A person who contracted with the owner of a close for the purchase merely of a growing crop of grass thereon was held in *Stevens* v. *Adams*, 1 Thomp. & C. 587, to have such an exclusive possession of the close, though for a limited purpose, as to entitle him to maintain an action of trespass *quare clausum fregit* against any one entering the close and taking the grass, even with the assent of the owners of the soil."

3. The possession of the plaintiff pursuant to the authority conferred by Mrs. Woodruff as shown by the record in the case was sufficient to maintain the action of trespass. There was no error in the refusal to grant a nonsuit or to direct the jury to find a verdict for the defendant.

Counsel for the defendant filed a motion for a new trial upon the ground *inter alia* that the damages assessed by the jury, $350, were excessive. The trial court required the plaintiff as a condition to sustaining the judgment to remit $100 of the amount thereof. Defendant assigns such ruling as error. The evidence of the plaintiff tended to show that the damages amounted to $500. Article VII, Section 3, of the Constitution of this State ordains in part that:

"No fact tried by a jury shall be otherwise reexamined in any court of this State, unless the court can affirmatively say there is no evidence to support the verdict."

4. If there was any error in reducing the judgment, it was favorable to the defendant and he cannot complain. Upon the trial, defendant offered evidence tending to show title to the premises in question in a third person. Upon this point see 38 Cyc. 1058, note 10. Defendant claimed no interest in the land or the grass thereon. The court rejected the evidence tendered by defendant.

5. The assignments of error in defendant's printed abstract are not based upon any ruling of the court in regard to evidence nor upon any instruction of the court. Under Rule 12 of this court, we are not required to consider such a question unless it arises upon the assignments of error.

Finding no error in the record, the judgment of the lower court is affirmed.                      AFFIRMED.