## COCKERELL v. HAYNES et al.   (No. 8410.)

(Court of Civil Appeals of Texas. Galveston. Oct. 18, 1923.)

1. **Mines and minerals ⚖⚖55(1)—Deed of mineral rights held not void for want of consideration or mutuality.**

A conveyance of minerals, in consideration of $20 paid and a promise to pay $2,000 out of royalties when oil was produced, *held* not void for want of consideration or mutuality, though grantee was not bound to explore for minerals.

2. **Cancellation of instruments ⚖⚖53—Mines and minerals ⚖⚖55(1)—Finding of ignorance and want of understanding of grantor held not one of fraud, and not ground for cancellation of deed.**

Finding that grantor of mineral rights was ignorant, and did not understand the nature of the instrument, is not equivalent to a finding that fraud was practiced on him by grantee, nor is it ground for cancellation of the deed.

3. **Appeal and error ⚖⚖1177(6)—On reversal cause remanded for trial of issue not determined, on which there was conflicting evidence.**

The court, in suit for cancellation of deed for fraud and want of consideration, having, without passing on the conflicting evidence of fraud, rendered judgment on the erroneous conclusion of want of consideration, the case will, on reversal, be remanded for trial of issue of fraud.

Appeal from District Court, Grimes County; Carl T. Harper, Judge.

Action by Charlie Haynes and another against E. Cockerell. From an adverse judgment, defendant appeals. Reversed and remanded.

Buffington & Leigh, of Anderson, and Gill, Jones, Tyler & Potter, of Houston, for appellant.

J. M. Brownlee, of Madisonville, and S. W. Dean, of Navasota, for appellees.

LANE, J. On the 18th day of July, 1917, Tobe Wiley and appellee, Charlie Haynes, were the owners of 80 acres of land in Grimes county, Tex. Tobe Wiley owned an undivided 50 acres thereof, and Charlie Haynes owned an undivided 30 acres of the same.

On the 2d day of December, 1915, said parties, for a valuable consideration, jointly executed and delivered to E. Cockerell a mineral lease by which they conveyed to Cockerell seven-eighths of the minerals under the soil of said 80 acres for a term of five years and as long thereafter as oil was produced in paying quantities. This lease was thereafter transferred to, and became the property of, the Empire Gas & Fuel Company.

Thereafter, on the 18th day of July, 1917,

---

⚖⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Tobe Wiley, joined by his wife, and Charlie Haynes, joined by his wife, executed and delivered to appellant, E. Cockerell, a conveyance reading as follows:

"Tobe Wiley et al. to E. Cockerell.

"Mineral Deed.

"State of Texas, County of Grimes:

"Know all men by these presents: That we, the undersigned, of the aforesaid county and state, representing and covenanting that we own and have a valid right to sell the hereinafter described land, in consideration of the sum of twenty and no/100 (20.00) dollars cash, to us in hand paid by E. Cockerell, receipt whereof is hereby acknowledged, and in consideration of the further sum of two thousand no/100 (2,000.00) dollars, to be paid to us when oil is produced and marketed from said land, out of one-half of the royalties, as fast as produced, have and do by these presents hereby grant, bargain, sell, convey and deliver unto the said E. Cockerell, of Harris county, Texas, his heirs and assigns, the fee-simple title to the royalties and mineral rights in and to all that certain tract, piece or parcel of land situated in the aforesaid county and state containing eighty (80) acres, more or less, being the same land described in a certain lease from grantors herein to E. Cockerell, dated the 2d day of December, 1915, recorded in volume 82, pp. 62–65, of the Grimes County Deed Records, referred to and made a part hereof for accuracy of description of said land hereby covered.

"In the event the present lessee, its successors or assigns, fails to drill on said land, or fails to carry out the terms and conditions of said lease, this instrument shall cover and convey the fee-simple title to the entire royalties and mineral rights in said land, subject to the additional payment hereinabove provided. There is expressly conveyed to grantee, his heirs and assigns, all the rights necessary and convenient for the development, operation and maintenance of said premises, the rights of ingress and egress, and the use of as much of the surface as may be reasonably necessary to carry on said operations, develop and maintain said leased premises for all minerals.

"Subject to the leasehold rights herein conveyed, grantors shall have the right to use, cultivate, enjoy, sell or convey said premises, and expressly reserve herefrom the surface rights of said land, and the rental payments provided in said lease, aforesaid, which said rental payments shall remain the property of, and be paid to, grantors named in said lease, their heirs or assigns.

"It is intended by this instrument to convey the fee-simple title to the royalties and mineral rights in said land, subject to the additional payment when oil is produced, as aforesaid, and without obligation on the part of grantee to drill thereon for oil, gas or other minerals.

"To have and to hold said rights in said premises, together with all and singular the appurtenances thereto in anywise belonging unto the said E. Cockerell, his heirs and assigns, and we do hereby bind ourselves, our heirs and assigns, to warrant and forever defend, all and singular, the said premises unto the said E. Cockerell, his heirs and assigns, against every person whomsoever lawfully claiming, or to claim the same or any portion thereof.

"Witness our hands on this the 18th day of July, A. D. 1917.     Tobe Wiley.

"Laura Wiley.

"Charles Haynes.   •

her

"Cornelia X Haynes."

mark

"State of Texas, Grimes County:

"Before me, the undersigned authority, in and for the aforesaid county and state, on this day personally appeared Tobe Wiley, and Laura Wiley, his wife, and Charles Haynes, and Cornelia Haynes, his wife, each known to me to be the persons whose names are subscribed to the foregoing instrument, and they each separately acknowledged to me that they had executed the same for the purposes and consideration therein expressed; and the said Laura Wiley, wife of the said Tobe Wiley, and the said Cornelia Haynes, wife of the said Charles Haynes, having been examined by me privily and apart from each of their said husbands, and having the said instrument by me fully explained to them, they, the said Laura Wiley, wife of the said Tobe Wiley, and the said Cornelia Haynes, wife of the said Charles Haynes, and each of them separately, acknowledged the same to be their act and deed, and each declared that they had willingly signed the same for the purposes and consideration therein expressed, and that they did not wish to retract it.

"Given under my hand and seal of office, on this the 19th day of July, A. D. 1917. F. M. Thomas, Notary Public in and for County of Grimes, State of Texas."

On the 7th day of January, 1921, Tobe Wiley and Charlie Haynes, both of whom in their petition allege that they were widowers, and the Empire Gas & Fuel Company, brought this suit against appellant, E. Cockerell, praying for the cancellation of the deed hereinbefore set out.

Tobe Wiley and the Empire Gas & Fuel Company failed and refused to prosecute the suit to trial, and they were dismissed therefrom before trial, and the cause thereafter prosecuted by appellee Charlie Haynes alone.

For cause of action the plaintiff alleged (1) that there was no consideration paid by Cockerell to Wiley and Haynes for the execution of the deed which they seek to cancel, and that the same was unilateral and void; and (2) that said deed was obtained by false representations on the part of Cockerell as to the contents and effect thereof, in that he stated to Tobe Wiley and wife, and Charlie Haynes, that the instrument conveyed only the one-eighth royalty interest which they had reserved in the mineral lease of December 2, 1915; that by its terms it would expire at the time said former lease would expire, and that if oil and gas were discovered on the premises during the life of said deed he (Cockerell) would at once pay to grantors the sum of $2,000,

whereas, in fact, by the terms of the deed, all the mineral rights in said land subject to the prior lease were conveyed, and the $2,-000 was payable only out of the one-half of the oil taken from the land.

By their petition they offered to pay into court the $20 paid to them by the grantee if he would accept same and reconvey the property.

The defendant, Cockerell, answered by general denial, and prayed for the removal of cloud from his title.

The cause was tried before the court without a jury, and, notwithstanding the fact that Charles Haynes sued without being joined by his wife and alleged in his petition that he was a widower, judgment was rendered in favor of said Charles Haynes and his wife, Cornelia, canceling the deed in controversy.

In response to defendant's demand for a finding of facts and conclusion of law, the court filed the following findings and conclusion.

"(2) The said instrument was acknowledged by each and all of the parties before the notary public as stated in the certificate.

"(3) The cash consideration of $20 was paid.

"(4) Charles Haynes and wife, Cornelia Haynes, owned 30 acres' interest in said land and Tobe Wiley and wife, Laura Wiley, owned a 50-acre interest in said land.

"(5) The only interest in said lands in controversy is the interest of Charles Haynes and wife, Cornelia Haynes.

"(6) That Charles Haynes did not understand the nature of the instrument; that he is ignorant."

"Conclusions of Law.

"The mineral transfer set out above is unilateral and void."

Appellant, as reasons for reversal of the judgment rendered, contends, first, that there was no evidence to show that the deed sought to be canceled was obtained by means of false representations, as alleged by appellee, and that the court so found; and, second, that said deed was canceled by the court upon his erroneous conclusion that the same was void for want of consideration and mutuality, and for no other reason.

Proposition No. 1 under the last contention is that the deed in question is supported by a valuable cash consideration paid by appellant to appellee, and therefore said deed was not void for want of mutuality; that where a valuable consideration is paid for the execution of a deed, such deed is not void for want of mutuality, and the trial court erred in holding to the contrary.

[1] In the opinion in Cockerell v. Griffith, 255 S W. 490, decided by this court on the 11th day of October, 1923, which has not been published, we held that the contract, in all material respects the same as the one in the present case, was not void for want of consideration or mutuality, and we have since discovered no reason for receding from such holding.

The parties in that contract, as well as the one under consideration, were bound by the contract made by them, unless it was shown that it was induced by fraud, as alleged by the grantors. "As the parties have bound themselves, so shall they be bound."

The deed on its face purports to be a conveyance by the grantors to the grantee of the fee-simple title to the royalties reserved by the grantors in a lease theretofore executed by them, and all the mineral rights in and under the land in question. Indeed, the plaintiffs by their pleading and their brief concede it to be such. It recites a consideration of $20 paid, and a promise on the part of the grantee to pay grantors the further sum of $2,000 only in the event he should produce mineral from the land, and expressly provides that the grantee is not bound thereby to explore for such minerals.

We know of no law which would prevent the parties from making such a contract. The $20 paid might or might not have been the full value of the minerals conveyed. It was certainly a valuable consideration, and, so far as shown by the facts proven, might be adequate and full value for such minerals. We are therefore of opinion that the deed is not void for the reasons found by the court.

[2, 3] We cannot, however, agree with the contention of appellant that the undisputed evidence shows that the fraud alleged by the plaintiffs was not practiced upon the grantors to induce the execution of the deed, or that the court so found. The evidence on this issue was conflicting, and the court did not make a finding with reference thereto. The finding of the court that Charles Haynes was ignorant and did not understand the nature of the instrument is not equivalent to finding that the fraud alleged was practiced by the grantee upon the grantors, nor is such finding a ground for a cancellation of the deed.

In view of the fact that the court rendered judgment, based upon his erroneous conclusion that the deed was without consideration and void, such judgment should be reversed, and it is so ordered.

But, as the court has made no finding on the conflicting evidence as to whether the misrepresentations alleged by the plaintiffs to have been made by appellee were true or false, we would not be justified in rendering judgment for appellant, but we think the cause should be remanded for trial upon that issue, and it is so ordered.

Reversed and remanded.