**WAYBOURN v. SPURLOCK.** (No. 2547.)

(Court of Civil Appeals of Texas. Amarillo. Feb. 17, 1926.)

**1. Mines and minerals ⬦74.**

Testimony of assignor of oil lease that assignee had paid no consideration *held* sufficient to support finding that consideration recited in assignment had failed.

**2. Mines and minerals ⬦74—Consideration of $10 held sufficient prima facie to support assignment of oil lease.**

Where in action to cancel assignment of oil lease there was no evidence showing market value of leasehold interest conveyed, consideration of $10 *held* sufficient prima facie to support transfer.

**3. Evidence ⬦419(8).**

Recital in assignment of oil lease that certain amount was paid in cash *held* subject to contradiction by parol evidence.

**4. Mines and minerals ⬦74—Portion of petition to cancel assignment of oil lease setting up consideration, executory and contractual, held demurrable, where there was no allegation that such consideration was omitted from assignment of lease through fraud, accident, or mistake.**

Portion of petition in suit to cancel assignment of oil lease, setting up consideration, executory and contractual, in addition to consideration expressed in instrument, *held* demurrable, where there was no allegation that such additional consideration was omitted from instrument through fraud, accident, or mistake.

**5. Evidence ⬦434(1).**

Parol evidence is admissible to prove fraud in inducing execution of written instrument, though it may contradict terms of instrument.

**6. Evidence ⬦419(1)—Recited consideration may generally be varied by parol, but not if consideration is executory or contractual, without allegation of fraud, accident, or mistake.**

Recited consideration in written instrument may be varied by parol, unless expressed consideration is executory or contractual, in which event parol evidence is not admissible without allegation of fraud, accident, or mistake.

**7. Evidence ⬦420(1).**

Generally parol evidence cannot defeat grant when its object is to establish a condition subsequent.

**8. Evidence ⬦434(3)—Where grant obtained by fraud, parol evidence of failure to comply with condition subsequent admissible if fraud is alleged.**

Where grant was obtained by fraudulent representations, parol evidence of a failure to comply with conditions subsequent is admissible if fraud is alleged.

**9. Evidence ⬦419(8)—Recited consideration for assignment of interest in oil lease held to exclude parol evidence of different consideration.**

Alleged consideration, recited in assignment of interest in oil lease, that certain proceeds from sale of oil and gas should be applied in payment of amount due lessor and for development purposes, could not be added to, varied, or contradicted by parol evidence of different consideration, in absence of allegation that it

was omitted through fraud, accident, or mistake.

**10. Pleading ⬅⬆205(1)—Demurrer going to substance rather than form held general, though denominated special demurrer.**

Demurrer to portion of petition *held* general, though denominated a special demurrer, when going to substance of allegation rather than manner and form of pleading.

**11. Appeal and error ⬅⬆930(3)—Issue raised by pleading that assignment of oil lease was delivered upon condition held waived and not to be presumed found, where such issue was not submitted or requested by plaintiff to be submitted (Rev. St. 1925, art. 2190).**

Where plaintiff pleaded, in addition to other ground for cancellation of oil lease, that instrument was delivered upon condition, which issue plaintiff did not request to have and which was not submitted, *held*, that such issue was waived, and could not be presumed found in his favor under Rev. St. 1925, art. 2190.

Appeal from District Court, Potter County; Henry S. Bishop, Judge.

Suit by C. M. Spurlock against J. C. Waybourn. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Underwood, Hamilton & Johnson, of Amarillo, and W. H. Russell, of Hereford, for appellant.

Puntney & Puntney and Lumpkin & Trulove, all of Amarillo, for appellee.

HALL, C. J. Spurlock sued Waybourn in the district court of Hutchinson county to cancel the assignment of an oil lease which he had made to Waybourn. By agreement the venue was changed to the district court of Potter county.

The substance of the plaintiff's petition is that he entered into an agreement with W. H. Holmes, Thos. Currie, and the Dixon Creek Oil Company to drill an oil well on the northwest quarter of section 9, block Y, in Hutchinson county; that Holmes and Currie executed and delivered to him a lease on the northeast quarter of the southeast quarter of said section; that the Dixon Creek Oil Company executed and delivered to him a lease on the southeast quarter of the northwest quarter of said section; that thereafter he entered into a contract with the defendant, Waybourn, by the terms of which he employed the said Waybourn to sell and dispose of units in the above mentioned leased premises at the rate of $1,000 per unit, to be paid in cash or on such terms as were agreeable to the purchasers of said units, and that plaintiff was to use the funds derived from the sale of such units for the purpose of drilling oil and gas wells; that in consideration of defendant's services, plaintiff agreed to give defendant an undivided one-tenth interest in and to the oil and gas leases held by plaintiff upon the above-described property in case defendant sold such units or a large part thereof.

Plaintiff further alleges:

"That the defendant, J. C. Waybourn, on or about the 24th day of March, 1924, represented to plaintiff that he could at said time sell and dispose of for plaintiff $10,000 worth of units as above described, and could sell $5,000 worth of said units and obtain the money therefor that day, and, in making such sale, would sell said units to J. Y. Gill, Lon D. Marrs, and others, provided plaintiff at said time would execute to the defendant an assignment conveying to the defendant, subject to the terms of said original contract, a one-tenth undivided interest in and to said leasehold estate; that the plaintiff, relying upon said statements made to him by the defendant, did execute, acknowledge, and deliver to the defendant, J. C. Waybourn, an assignment of an undivided one-tenth interest in and to the oil and gas leases held by him upon the above-mentioned and described lands, which assignment was filed of record and duly recorded in volume 25, pp. 502–504 of the deed records of Hutchinson county, Tex.; that he would not have made the assignment but for the representations and statements made by Waybourn; that such statements and representations were false and known to be so by said Waybourn, and that by reason thereof said assignment is void and unenforceable."

Plaintiff further alleges that the consideration for the assignment has wholly failed, in that the defendant failed and refused to sell any units; that it was mutually understood between the parties that the assignment would not become effective until defendant had sold five units of the mentioned and designated units. Waybourn answered by general demurrer, special exceptions, general denial, and special defenses, which it will not be necessary to set out here.

The case was submitted to a jury upon six special issues. The jury was instructed not to answer the third issue if issue No. 2 was answered in the affirmative. As to the other issues, the findings are as follows:

(1) The plaintiff agreed with the defendant on and prior to March 24, 1924, that he would give to the defendant an assignment or transfer of an undivided one-tenth interest in and to the leasehold estate held by him on the lands mentioned in plaintiff's petition if the defendant would sell a large part of the units designated in said leasehold estate.

(2) The defendant did not, on or about said date, represent to plaintiff that he could and would sell and dispose of for plaintiff $10,000 worth of said units, and that he could sell $5,000 worth of said units on that date, provided plaintiff would give him an assignment or transfer conveying an undivided one-tenth interest in said leasehold estate held by the plaintiff.

(4) The consideration for the assignment dated March 24, 1924, from plaintiff to defendant failed.

---

(5) It was not the intention of the plaintiff and defendant, at the time the contract dated March 1, 1924, was executed by Holmes, Currie, and the Dixon Creek Oil Company and plaintiff, that the defendant would have an interest in the leasehold estate mentioned therein.

(6) The assignment dated March 24, 1924, from plaintiff to defendant was not executed and delivered in consideration of a debt due the defendant by the plaintiff.

From a judgment entered for plaintiff upon this verdict, this appeal is prosecuted. Except as is hereinafter stated the petition as a whole was good as against a general demurrer.

The first proposition urged is that a written instrument cannot be defeated by pleading and proving by parol evidence that such instrument was without consideration. By his second proposition, appellant insists that a condition subsequent cannot be established to defeat an absolute conveyance. And by the third proposition the appellant insists that a contemporaneous verbal agreement cannot be set up to vary the terms of a written contract unless it be both alleged and proved that such agreement constituted a part of the contract, although omitted therefrom by fraud, accident, or mistake. It will be necessary to discuss these propositions together.

The assignment sought to be canceled recites that it is executed in consideration of the cash payment to Spurlock of $10, the receipt of which is acknowledged.

[1-6] Spurlock testified that Waybourn had not paid him any consideration for the assignment. This is sufficient to support the finding of the jury that the consideration had failed, at least as to the $10 which the instrument recites had been paid. There is no evidence in the record showing the market value of the leasehold interest which was conveyed to Waybourn. So far as this court knows, the lease was in unproven territory, and the $10 consideration was sufficient prima facie to support the transfer. Cockerell v. Haynes (Tex. Civ. App.) 255 S. W. 494, and authorities cited. Notwithstanding the recital in the instrument that the $10 was paid in cash, this is merely in the nature of a receipt and may be contradicted by parol evidence. 22 C. J. 1167, and Texas cases cited in note; Silliman v. Oliver (Tex. Civ. App.) 233 S. W. 867. However, we think the court erred in not sustaining the defendant's demurrer to all that part of the petition, paragraph 5, which set up a consideration executory and contractual in its nature in addition to that expressed in the instrument, when there was no allegation that such additional contractual consideration was omitted from the instrument through fraud, accident, or mistake. It is alleged that Waybourn falsely represented that he could and would sell certain units of the lease to Lon

D. Marrs and others on the day the assignment was executed, and that he would sell units to the extent of $10,000; but, as we understand the petition, this allegation of fraud is one of inducement to the execution of the contract. The rule that a party may attack a written instrument upon the ground that he was induced to execute it by false and fraudulent representations, not expressed therein and made before or contemporaneously with the execution of the instrument, is a well-established exception to the parol evidence rule, and evidence is admissible under proper allegations of fraud to prove fraud in the inducement, although it may have the effect of varying or contradicting the obligation evidenced by the writing. 22 C. J. 1212, 1215–1217, 1253. This rule is well established by numerous decisions in this state. The exceptions to the parol evidence rule, relating to the proof of the consideration expressed in written instruments were discussed at some length by this court in Matheson v. C–B Live Stock Co. (Tex. Civ. App.) 176 S. W. 734, where the conclusion was reached that the recited consideration in a deed or other writing could be varied by parol unless the expressed consideration was executory or contractual in its nature, in which event, parol evidence is not admissible without an allegation of fraud, accident, or mistake upon the part of the party attacking it. Chalk v. Daggett (Tex. Com. App.) 257 S. W. 228; Mann v. Wright (Tex. Civ. App.) 269 S. W. 222; City of Abilene v. McMahan (Tex. Civ. App.) 271 S. W. 188. In the last-named case Judge Dunklin said:

"The consideration for the conveyance of the easement was expressed in the written instrument and was contractual in its nature, and therefore the rule forbidding the variation of a written instrument by proof of a contemporaneous parol agreement applies to it as much so as any other terms of the contract. The fraud alleged did not consist of misrepresentation of facts which induced the execution of the conveyance, but consisted of alleged false and fraudulent promises or agreements. The written conveyance executed by plaintiff was plain and unambiguous, and plaintiff did not plead that through fraud, accident, or mutual mistake it did not embody the entire agreement. Crouch v. Johnson, 27 S. W. 9, 7 Tex. Civ. App. 435. In the absence of such a plea, he cannot prove by parol an agreement at variance with it, without violating the established rule of evidence made the basis of the objection urged to the testimony offered as was specifically held by our Supreme Court in Lanius v. Shuber, 13 S. W. 614, 77 Tex. 24.

[7-10] It is true, as asserted by appellant, that parol evidence will not be held to defeat a grant when its object is to establish a condition subsequent, but the rule is subject to the exception that, where the grant was obtained by fraudulent representations, evidence of a failure to comply with the conditions is admissible if the fraud is alleged.

G. H. & S. A. R. R. Co. v. Pfeuffer & Ireland, 56 Tex. 66. In addition to the $10 cash consideration expressed in the assignment in question, the further executory and contractual consideration is recited therein that one-half of all the proceeds from the sale of all the oil and gas which may be due and accrue to Waybourn as the owner of the interest assigned, and one-fifth of the proceeds of the sale of oil and gas derived from the interest acquired from Holmes, Currie, and the Dixon Creek Company, shall be sold by Spurlock and paid by the pipe line company into the National Bank of Commerce, one half of which is to be held as a development fund, and the other half applied to the payment of the $24,000 due Holmes, Currie et al., and that the half set apart to the development fund shall be used in developing the leases described in the assignment. It is stipulated that the bank in the distribution of the funds is to be governed by the terms of the assignment, paying one half for development purposes only, and the other half to H. E. Smith or other person appointed by Waybourn to receive the fund for him. This consideration is clearly such a one as comes within the rule prohibiting the introduction of parol evidence, to add to, vary, or contradict it, in the absence of an allegation that the additional consideration pleaded by plaintiff was omitted from the writing through fraud, accident, or mistake. Although the demurrer urged to the fifth paragraph of the petition is denominated a special demurrer, it is, in effect, a general demurrer to that paragraph, since it goes to the substance of the allegation rather than to the manner and form of the pleading. The record precludes the inference that the finding of the jury to the effect that there was a failure of consideration relates in any way to this part of the consideration recited in the instrument.

[11] While the plaintiff pleaded that the instrument was delivered to the grantee with the understanding that it was not to become effective until Waybourn had sold five units, this issue was not submitted to the jury by the court's general charge, nor did the plaintiff ask that the issue be submitted. It was one of the material grounds separate and distinct from all others upon which he sought a cancellation of the assignment. Such being the state of the record, we cannot presume, under the provisions of V. S. C. S. art. 1985 (R. S. 1925, art. 2190), that the court found such issue in his favor, but must conclude that it was waived, and that the case was tried upon the other grounds upon which he sought to cancel the assignment. Kirby Lumber Co. v. Conn (Tex. Sup.) 263 S. W. 902; Texas Drug Co. v. Cadwell (Tex. Civ. App.) 237 S. W. 976; San Antonio Public Service Co. v. Tracey (Tex. Civ. App.) 221 S. W. 638; Chaddick v. Sanders (Tex. Civ. App.) 250 S. W. 722; Amarillo Oil Co. v. Ranch Creek Oil & Gas Co. (Tex. Civ. App.) 271 S. W. 145, 151.

Because the petition, in so far as it alleged the particular grounds for cancellation upon which the case was tried, was bad as against a general demurrer, and the defect presents fundamental error, the judgment is reversed and the cause is remanded.

JACKSON, J., disqualified, not sitting.