Argued at Pendleton May 7, affirmed July 2, 1929.

FRANK DOBKINS v. R. L. HUTTON.

(278 Pac. 991.)

For appellant there was a brief and oral argument by *Mr. H. V. Schmalz.*

For respondent there was a brief over the name of *Mr. Pat H. Donegan,* with an oral argument by *Mr. Herbert P. Welch.*

ROSSMAN, J.—The bill of exceptions presents no questions of pleading, nor of evidence; the assignments of error are based exclusively upon instructions to the jury. A better understanding of these may be had when the following facts are in mind. April 18, 1921, one R. B. Jackson filed his application as entryman for a homestead upon the land involved in this action; December 30, 1921, the application was allowed; August 18, 1926, he filed a relinquishment, and pursuant thereto on August 20, 1926, his application was canceled. August 18, 1926, Jackson, immediately following his relinquishment, filed a new application. The latter was rejected, the records state the reason thus, ''account wrong blank,'' but add that Jackson was allowed thirty days to file a proper application. September 4, 1926, a sufficient application was filed, and on January 24, 1927, the latter was allowed. August 26, 1926, the defendant kindled a fire upon adjacent premises and negligently permitted it to spread to the aforementioned homestead property where it consumed some fences built and owned by Jackson, and dry grass which was valuable as feed. When this fire visited the homestead property the plaintiff was in possession of it as lessee under Jackson. The court instructed the jury that plaintiff's possession was sufficient to support this action, and the defendant assigns this instrument as error. He employs the facts that the plaintiff had

been for many years in possession of the property as a tenant, Jackson's relinquishment in August of 1927, and his immediate re-application, as the foundation for a contention that Jackson's application was illegal, and that hence the plaintiff could not maintain this action. The evidence, in regard to the two applications and the relinquishment is as brief and devoid of explanatory matter as our preceding statement. The federal government is not a party to this action, and its attitude towards the two applications is not disclosed by the evidence. The record is clear that plaintiff was in possession when the fire occurred and this action was begun. In *French* v. *Cresswell,* 13 Or. 418 (11 Pac. 62), we find:

"The evidence tended to show that the respondent had such a possession of the land as would enable her to maintain trespass. She had settled upon it, and filed a declaratory statement in the land-office that she had taken it under the homestead and timber-culture act, and made improvements thereon, and notified the respondent to keep his sheep off it. Her entry was under claim of right, and her possession was coextensive with the boundaries of the land claimed. (Angell on Limitations, 5th ed., sec. 400.) This is the rule where one enters under color of title, and I think it applicable to this character of cases."

See to same effect 22 R. C. L., Public Lands, § 100. In *Boyer* v. *Anduiza,* 90 Or. 163 (175 Pac. 853), the decision states: "It is the general rule in America that either actual or constructive possession is sufficient to maintain trespass, although one of these two kinds is necessary at the time of the trespass." The same decision holds that possession of realty by a lessee, under a lease, is sufficient to maintain an action of this character. Hence, the plaintiff's possession was sufficient to enable him to maintain this

action, unless the fact that Jackson's inchoate title, being possibly voidable, rendered it impossible for the plaintiff to maintain this action. In 38 Cyc., Trespass, p. 1014, we find: "Possession with legal title is sufficient to maintain trespass, although the title is voidable by a third person." The text cites *Nelson* v. *Mather,* 5 Kan. 151; *Gulf etc. R. Co.* v. *Johnson,* 54 Fed. 474 (4 C. C. A. 447). In each of those two cases the courts rejected, as insufficient to defeat an action of trespass, contentions somewhat analogous to that urged upon us. See to same effect *Story* v. *McWhorter,* 216 Ala. 604 (114 South. 206). We conclude that even though Jackson's interest may have been voidable, plaintiff, who was in possession as a *bona fide* tenant, could maintain this action against a stranger to the alleged illegality.

The remaining assignment of error concerns the measure of recovery; we believe this contention without merit and find that the court properly instructed the jury upon the rule of damages. The citation of authorities by defendant is sufficient to substantiate our conclusion. It follows that the judgment of the Circuit Court is affirmed.          AFFIRMED.

BEAN, McBRIDE and RAND, JJ., concur.