**NORM CO. v. CITY DRUG STORES.**
No. 3952.

Court of Civil Appeals of Texas. Amarillo.
Jan. 25, 1933.

Rehearing Denied April 19, 1933.

R. H. Beville, of Amarillo, for appellant.

Kimbrough & Boyce, of Amarillo, for appellee.

JACKSON, Justice.

The appellant instituted this suit in the county court at law of Potter county to recover a judgment against appellee for $208.

The appellant alleges that by the terms of a written contract appellee ordered to be forwarded each month four or five mats for a period of one year to be used for certain advertising purposes. That appellant agreed and was ready at all times to comply with the contract and immediately began to furnish the advertising service, but the appellee refused to receive the mats and, without assigning any reason therefor, gave written notice that it had decided not to accept the services and cancel the contract. That, among other things, the contract provided: "Neither party shall be held responsible for any provision not embodied in writing herein and this contract is not subject to cancellation."

A copy of the contract dated August 23, 1928, is attached to and made a part of appellant's petition and, in effect, provided that appellant would furnish fifty-two mats, four or five each month, for a period of one year, to be used in advertising appellee's drug business in the newspapers and other media of Amarillo, Tex. That the consideration therefor was the sum of $208, payable $52 in thirty days and $15 on the 1st of each month thereafter, so long as the agreement or any renewal thereof was in effect.

The appellee answered by demurrers, exceptions, general denial, and pleaded that it was induced to execute the instrument by appellant's fraudulent representations and promises, which were believed and relied upon, and but for which it would not have signed the instrument. That appellant represented that its advertising service was exclusive, individual, and unique, and included individual attention to each of its clients and was furnished to but one business in each town or community. That the conditions of such town or community were investigated, the kind of advertising which should be used determined, that a survey and analysis of the population and business conditions of Amarillo would be made to learn the various classes of people, school teachers, physicians, railroad employees, professional and other business residents, the number thereof, and the general business conditions prevailing, and such survey would be furnished to appellee to enable it to decide what merchandise to advertise and the class of advertising that should be done. That appellee advised appellant that it did not want any so-called "canned" advertising and was informed that the service offered and furnished by appellant was not of that character and that from time to time the service would be changed to serve the particular needs of appellee. That such representations and promises were false, made without any intention of being kept, and for the sole purpose of inducing appellee to sign the written instrument. That the advertising service which appellant offered was not individual and exclusive service, but consisted of printed forms and cuts made in large quantities and constituted what is known as "canned" or "form" advertising. That appellant made no investigation, survey, or report as it promised, for all of which appellee asks that the agreement be canceled.

By supplemental petition the appellant filed numerous exceptions to appellee's answer and also pleaded a general denial.

In response to special issues submitted by the court the jury found, in effect, that appellant represented to appellee at the time the written order was signed that the advertising service to be furnished was not "canned" advertising; represented and agreed to furnish surveys and analyses showing the classes of people in Amarillo, the number thereof, and the business conditions prevailing therein, for use in the advertising; that the representations were material, made for the purpose of inducing the appellee to execute the contract, were relied on, and induced appellee to sign the contract, and such representations were false and not intended to be carried out by appellant at the time they were made.

On these findings the court entered judgment against appellant, canceled the contract, and the judgment is before us for review.

The appellant presents as error the action of the court in overruling its exceptions to appellee's answer because it fails to state any fact that would constitute fraud, but alleged only general conclusions and promises to be performed in the future.

The exceptions directed to appellee's answer were, in effect, that the allegations were insufficient to state any defense, were not verified, showed no false representations of present or existing facts, and asserted only conclusions and promises which contradicted the plain terms of the written contract, and oral testimony thereof was not admissible. Against these exceptions the allegations were not too general or uncertain, a verification of the allegations of fraud is not required, and appellee pleaded that appellant represented that the advertising service which it furnished was not "canned." This was a representation of a present and existing condition. Appellee also alleged that appellant did not intend to perform the representations at the time they were made. "In order for a promise to constitute fraud, it is necessary that it should have been made with the intent at the time that it would not be performed and with the intention, design and purpose of deceiving. In other words, a promise made with a preconceived intention not to perform may amount to actual fraud if the misrepresentation is material and is relied on by the other party to his injury." 20 Tex. Jur. 33, § 16. See, also, Higginbotham-Bartlett Co. v. Powell et al. (Tex. Civ. App.) 270 S. W. 193.

The appellant assails as erroneous the use of the words "canned advertising" in special issue No. 1 submitted by the court, because such term is unintelligible and has no meaning.

The testimony discloses that "canned advertising" is a common expression among advertisers and means a general advertising service applicable equally to any one at any place engaged in the same line of business, but does not mean or include personal or exclusive advertising prepared for a particular person, firm, or corporation for use at a certain place. This assignment is overruled.

The appellant's contention that the court assumed in his charge that no contract had been entered into by the parties is without merit.

The special issue requested by appellant and refused by the court, if raised by the record, was covered by the issues submitted by the court in his main charge.

Appellant assigns as error the action of the court in admitting testimony offered by appellee relative to the false and fraudulent representations that were alleged to have been made to induce it to enter into the contract, because such testimony contradicted the terms of the written instrument and was not admissible. "The rule admitting parol evidence of a collateral agreement is especially applicable where such agreement constituted a part of the consideration of the written agreement or operated as an inducement for entering into it." 22 C. J. 1253. See, also, Waybourn v. Spurlock (Tex. Civ. App.) 281 S. W. 587; Southern Surety Co. et al. v. Adams, 119 Tex. 489, 34 S.W.(2d) 789.

Under these authorities the testimony was admissible, and the fact that the contract stipulated that neither party would be held responsible for any provision not in the writing, and that the contract was not subject to cancellation, would not change the rule. "Parol evidence is admissible under proper allegations to show that the execution of an instrument was induced by fraud; and this is true although the contract recites that it embodies the entire agreement between the parties and that there are no verbal understandings or agreements not incorporated therein or provides that any verbal agreements or representations shall be void." 17 Tex. Jur. 836, § 739.

The findings of the jury are sufficiently supported by the testimony, and the judgment is affirmed.