## LANDOWNERS' OIL ASS'N v. SHARPE.
### No. 4320.

Court of Civil Appeals of Texas. Texarkana.
May 31, 1933.

Rehearing Denied June 8, 1933.

H. L. Smith and Cambell Osborn, both of Tulsa, Okl., and Smithdeal, Shook, Spence & Bowyer, of Dallas, for appellant.

W. L. Willie, of Paris, for appellee.

JOHNSON, Chief Justice.

This suit was instituted in the district court of Lamar county by appellee, Ben H. Sharpe, against the appellant, Landowners' Oil Association, a corporation existing under the laws of the state of Delaware, to cancel a mineral conveyance in and under seventy-five acres of land situated in Lamar county, which mineral conveyance was executed by appellee's grantors, E. R. Stubblefield and wife, S. T. Stubblefield, to the Landowners' Oil Association on January 1, 1930, and prior to the conveyance of the land by deed, dated November 12, 1930, by E. R. Stubblefield and wife, S. T. Stubblefield, to the appellee, Ben H. Sharpe. Upon trial before the court, the court concluded as a matter of law that, in the absence of further obligation on the part of the Landowners' Oil Association, the $1 consideration expressed in the conveyance was insufficient, and rendered judgment canceling the conveyance. The Landowners' Oil Association has appealed, assigns as error the action of the court in canceling the lease, and attacks the findings of the court.

■ We are of the opinion that the judgment of the trial court cannot be sustained. It appears from the instrument that it is a complete conveyance of all the mineral interests in the land for a consideration of only $1. It provides that, if the Landowners' Oil Association, during the twenty-year term of the conveyance, leases the land, or if they sell the mineral interests, which they have the right and power to do, then 75 per cent. of the proceeds received by the Landowners' Oil Association will be placed in a pool of acreage by it owned under similar conveyances, and that this fund will be distributed among those from whom such mineral interests constituting said pool was acquired, in proportion as the amount of acreage conveyed by each bears to the total number of acres in the pool. But the Landowners' Oil Association is not obligated to resell or lease the land, or to do anything except manage the pool, which word "manage" does not carry with it any terms of obligation on the part of Landowners' Oil Association. However, it does not appear in evidence that the mineral interests conveyed by Stubblefields had any value. One dollar is held to be a

valuable consideration. It may be an insufficient consideration, and it may not be an adequate consideration, but, in the absence of proof of the value of the mineral interests under the land, a lease or conveyance thereof is held not void for want of consideration. McKay v. Tally (Tex. Civ. App.) 220 S. W. 167; Bost v. Biggers Bros. (Tex. Civ. App.) 222 S. W. 1112; Cockerell v. Haynes (Tex. Civ. App.) 255 S. W. 494. And it is also thought that the appellee, Ben H. Sharpe, having purchased the land after the conveyance of the mineral interest thereunder by the Stubblefields, and with knowledge of such conveyance; he is not in position to complain of it on the ground of insufficient or inadequate consideration; that, the conveyance not being void for want of consideration, it could not be canceled at the suit of the appellee, Sharpe.

The judgment of the trial court is reversed, and judgment here rendered in favor of the appellant, Landowners' Oil Association, and against the appellee, Ben H. Sharpe, denying cancellation of the conveyance. And it is adjudged that the appellee will pay the cost of this appeal.