## GUINN v. LOKEY et al.
### No. 12320.

Court of Civil Appeals of Texas. Galveston.

Oct. 25, 1951.

Rehearing Denied Nov. 8, 1951.

———◆———

Butler, Binion, Rice & Cook, R. H. Singleton, Houston, for appellant.

H. A. Crawford, Houston, for appellee Wally Mahan.

Guy Rall, Houston, for appellees Mr. & Mrs. J. A. Lokey.

GRAVES, Justice.

Appellant brought this suit against appellees, as the parties adversely interested, for the conversion of an automobile.

The trial court, sitting without a jury, held that the transaction detailed in the pleadings and evidence between the parties resulted in the title to the automobile appellant claimed had been converted from him had passed into the appellee, J. A. Lokey.

Because of the distinctive and somewhat unusual facts involved, it is deemed helpful to thus quote the statement made in appellees' brief in this Court, which is regarded as supported by the record:

"Appellant, L. L. Guinn, Sr., owned a 1949 Oldsmobile sedan and a Certificate of Title thereto, which he endorsed to L. W. Sneed, 809 Welsh, Houston, Texas, on the 16th day of May, 1950, before a Notary Public, Robert Evans, and delivered the Certificate of Title and the 1950 License Receipt issued by the Texas Highway Department to the agent of Mr. Sneed to be mailed to the Texas Highway Department,

along with an application for corrected Certificate of Title executed by L. W. Sneed.

"That afternoon, just prior to the closing of the bank, Mr. Sneed asked Mr. Guinn to accompany him to the bank so that he could deliver $1500.00 to Mr. Guinn, but instead, Mr. Guinn handed Mr. Sneed the keys to the automobile and told him he did not wish to leave his guests. Mr. Guinn has never seen Mr. Sneed nor the automobile since.

"Mr. Sneed picked up the Certificate of Title, Application for corrected title and license receipts from his agent and sold the automobile to Wally Mahan with those instruments, plus a statement on the reverse of the application for corrected Certificate of Title executed by L. W. Sneed, which reads as follows:

" 'The Certificate of Title herein applied for is hereby assigned to Mahan Motor Company of Houston, Texas, which has this day purchased the said vehicle.

" '(Signed) L. W. Sneed'

"Approximately thirty days later Mr. Mahan sold the automobile to Mr. and Mrs. J. A. Lokey, and along with the above instruments made application for a corrected title, placing the title to the automobile in the name of Mahan Motor Company, and an application signed by J. A. Lokey, placing the title to the automobile in the name of Mr. and Mrs. J. A. Lokey. These were all filed with the County Assessor and Collector of Harris County, Texas, and a receipt was issued on 6/15/1950, by the Harris County Assessor and Tax Collector.

"'The Court found that title to the automobile had passed out of Mr. Guinn and into Mr. and Mrs. J. A. Lokey."

The trial court supported its judgment by filing findings-of-fact and conclusions-of-law, to which neither side objected, although appellant requested some further findings, which the court did not make.

On appeal, appellant presents some 7 Points-of-Error, the material substance of which is this:

(1) his sale of the car to L. W. Sneed did not divest himself of the legal title thereto, because it was induced by Sneed's fraud, and was promptly rescinded by him, since at that time Sneed did not intend to pay Guinn for the car, but to appropriate it to his own use and benefit;

(2) he, at least, retained an equitable interest in the car through a common-law vendor's lien thereon, which then inured to him;

(3) appellant was not estopped from claiming that no title from him passed in the claimed sale of the car from him to L. W. Sneed, because Sneed was shown not to have been a bona fide purchaser of it for value, without notice of the superior claim of appellant thereto;

(4) likewise, the appellee, Wally Mahan, had not been an innocent purchaser of the car from L. W. Sneed, because he then knew that Sneed not only had no title to the car, but was then anxious to obtain cash therefor as soon as possible;

(5) the court should have found " * * that after this suit was filed, but before trial, defendant used-car dealer, Wally Mahan, contacted L. W. Sneed, on two different occasions, and failed to notify" appellant "of such meetings, or to file a civil or criminal charge against L. W. Sneed * * *".

None of these presentments, it is determined, should be sustained; this, for the reason that, in sum, they are based upon assumptions of fact directly contrary to the quoted controlling findings made by the trial court, on practically undisputed evidence.

Contrarily to them, the court's findings show, in boiled-down effect, that Mr. Guinn, the appellant, passed all his title to the car, when he so executed the assignment on the reverse side of the certificate-of-title thereto before a Notary Public, and then handed his purchaser, Mr. Sneed, the keys to it (i. e., in effect the possession thereof), and went his way.

Under these Texas statutes and authorities, that action placed the legal title to the car in Mr. Sneed, down under whom, as the court also properly held, it went into the appellees: Elder Chevrolet Co. v. Bailey County Motor Co., Tex.Civ.App., 151 S.W.2d 938; Hillman v. Graves, Tex. Civ.App., 134 S.W.2d 436; Miles v. Sabin,

90 Or. 129, 175 P. 863; Norm Co. v. City Drug Stores, Tex.Civ.App., 59 S.W.2d 270; Vermont Acceptance Corporation v. Wiltshire, 103 Vt. 219, 153 A. 199, 73 A.L.R. 792; Warren v. Mayhew, Tex.Civ.App., 221 S.W.2d 394; Article 1436–1, Penal Code of Texas, especially Secs. 33 and 52.

In such circumstances, the appellant seems to have sinned away his day of grace, by so delivering the possession of the automobile to Mr. Sneed, whom, he testified, he had known for 10 years, without any payment of the agreed-upon cash therefor between them, and to have later repented of that action by trying to regain possession of the car upon the ground that Mr. Sneed had defrauded him in not having paid him any part of the consideration they had agreed upon.

It would seem to this Court that his act, in so having clothed Mr. Sneed with all the indicia of ownership of the car, was such negligence, at least, upon his part as should be held to have estopped him from claiming it against the appellees, to whom such indicia had been delivered at the time they purchased it. See McKinney v. Croan, 144 Tex. 9, 188 S.W.2d 144; Wise v. Cain, Tex.Civ.App., 212 S.W.2d 880.

These conclusions require affirmance of the judgment. It will be so ordered.

Affirmed.